**Ronald GIVAN and Earlene Givan, his wife, Relators,**

v.

**The Honorable George ADOLF, Judge of the Circuit Court of the City of St. Louis, Missouri, Division 1, Respondent.**

**No. 52376.**

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 3, 1987.

Charles R. Abele, St. Louis, for relators.

Richard Funsch, St. Louis, Paul Kovacs, Clayton, John Crenshaw, Norman Selner, Daniel McMichael, William A. Brasher, Stephen J. Kovac, St. Louis, for respondent.

KAROHL, Judge.

■ Prohibition was granted in this case to examine whether respondent judge exceeded his authority in ordering a plaintiff in a personal injury suit to submit to a Rule 60.01(a) examination to be conducted by a "vocational expert" who was not a physician. We now make the writ permanent so as to prohibit enforcement of the order. *State ex rel. McDonnell Douglas v. Gaertner,* 601 S.W.2d 295, 296 (Mo.App.1980). Prohibition is a proper means for contesting the enforcement of discovery. *State ex rel. Gonzenbach v. Eberwein,* 655 S.W.2d 794, 795 (Mo.App.1983).

Plaintiffs-relators in the personal injury suit, sued numerous defendants including Maritz Communications Company, Inc. for personal injuries sustained by Ronald Givan in a motor vehicle collision. He was a passenger in a vehicle operated by Charles Williams when it was struck by a vehicle operated by defendant Terry Hobbs, the agent of defendant Maritz. Ronald Givan alleges permanent injuries which will limit or prevent future employment.

Plaintiff was examined by a "vocational expert" associated with Midwest Rehabilitation and Psychological Services, Inc. and furnished a copy of their report to Maritz. The report analyzes past job skills and abilities, describes the results of various tests for learning ability, presents a social or psychological profile, describes interests and physical limitations, and concludes, "if we can control his pain adequately Mr. Givan might be able to perform some sorts of light and/or sedentary work activities. He is likely, however, to be limited to entry level employment which will pay only minimum wage or slightly above."

In order to counter the expected testimony of plaintiffs' "vocational expert" defendant Maritz served notice to plaintiffs that it would call Dr. Samuel Bernstein as a witness. Dr. Bernstein is a psychologist, not a medical doctor and therefore not a physician. Maritz filed a Motion for Examination, "under Rule 60.01" to be conducted by Dr. Bernstein in order to determine plaintiff's "current physical and mental condition and how those conditions affect plaintiff's employability or re-employability." Maritz concluded, "[t]herefore, an order under Rule 60.01 is appropriate."

Respondent judge sustained the motion and ordered plaintiff, "produced for examination by defendant Maritz' expert, Dr. Samuel Bernstein, a vocational expert [psychologist], if plaintiff has been examined by his own vocational expert...." The ruling and order was entered on October 27, 1986. Plaintiff was previously examined by his "vocational expert" before June 19, 1986.

■ The dispute concerns the scope of Rule 60.01(a). The question is whether it authorizes respondent circuit judge to order an examination by a "vocational expert" who is not a physician. We conclude that Rule 60.01(a) and its counterpart, § 510.040 RSMo 1978, do not authorize an order for examination by a non-physician.

First, the Rule is specific. Rule 60.01(a) authorizes an examination by a "physician" and provides the "physician" shall be deemed a witness for the party procuring the examination. Rule 60.01(b)(1) requires, on request, a detailed written report by the examining physician be furnished to the party examined and a reciprocal exchange of a like report. If Rule 60.01 is expanded to include experts who are not physicians it is not clear that all of the provisions of the Rule may be followed, particularly the precaution provisions of 60.01(b)(1). Not only does the Rule expressly say "physician" it is apparently designed to apply only to a "physician."

Second, before Rule 60.01 was adopted it was held that a court has authority to order a personal injury plaintiff examined by a doctor, but under special circumstances not applicable to a request made pursu-

ant to the Rule. In *Boggs v. Gosser*, 55 S.W.2d 722 (Mo.App.1932) the trial court refused defendant's request for examinations by a commission of three doctors. The request was denied, but the court, over plaintiff's objection, appointed three disinterested doctors of it's choosing to make an examination. This order was found not to be error because the procedure employed made the appointed physicians officers of the court. *Id.* at 725. The issue was not an order for an examination by defendant's physician, but the facts and the decision are instructive because *Boggs* recognized trial court discretion (authority) for "such appointment in furtherance of justice." *Id.* at 724–725.

*Boggs*, cited *Atkinson v. United Rys. Co.*, 286 Mo. 634, 228 S.W. 483 (1921) for the proposition that "defendant cannot demand [appointment of physicians] as a matter of right, but the court in its discretion may do it in the furtherance of justice." 228 S.W. at 485. *Atkinson* attributed the authority in such cases to be on the same ground as the general power to compel discovery. *Id.* at 485. However, *Atkinson* recognized the state of the law in 1921 to be that "[t]he court could not compel plaintiff to submit to such examination by the witness for the other side." This was changed by statute in 1943 with the enactment of the predecessor of § 510.040 RSMo 1978 and later by Rule 60.01. It appears that the provisions for "examination by witness for the other side" were purposefully limited to physicians. There is no apparent reason to permit the respondent judge to expand the Rule beyond it's expressed limit of physician.

Third, Maritz did not ask the trial court to order an examination on the authority of a general power to compel discovery. Accordingly, the precise question is the limit of the authority conferred by the Rule. The Rule is clear and unambiguous. It provides for an order for an examination only by a physician. Any extension of the Rule would be a matter for the legislature or the Supreme Court which enacted the Rule.

Maritz and respondent judge rely on *State ex rel. St. Louis Public Service Co. v. McMullan*, 297 S.W.2d 431 (Mo. banc 1956) as authority for the order for examination of a party by a non-physician. *McMullan* was an unusual opinion involving two apparently conflicting orders of Judge McMullan in separate cases. Both cases involved derivative actions by the spouse of a personal injury claimant where the injured party had disposed of her claim by settlement and were not parties. In one case the judge ordered the spouse examined by a physician and in the other he refused such order. Neither case involved examination by a person other than a physician. The Supreme Court expressly refused to decide whether the moving party was entitled to examination by a physician. *Id.* at 437. What is significant for this opinion is that the court recognized "the inherent power [of Missouri courts] to require a physical or mental examination of a party to a personal injury suit." *Id.* at 435. The power is discretionary and the physician, so appointed, acts as an officer of the court and not as an agent of either party. *Id.* The court found § 510.040 RSMo 1949 was not all-inclusive and that the inherent power of the court was distinct from the provisions of the statute. *Id.* The statute was confined to examinations of parties, but the inherent power was extended to govern non-party where a claim derivative on the injury to the non-party was before the court. *McMullan,* tends to confirm the existence of inherent power to aid discovery. The scope of Rule 60.01 on the issue of application of the Rule to an examination by one who is not a physician was not at issue or decided by *McMullan.* There was no rule when *McMullan* was decided. Even so, the non-physician issue was not in issue. Further, we recall that in the present case the motion of Maritz for an examination relied entirely on the authority of Rule 60.01. We find no authorities which elevate non-physicians to the status of physicians as officers of the court when appointed to examine a personal injury plaintiff. No authority has been cited and we find no authority to extend the

Rule to include or authorize examination of a personal injury claimant by a non-physician. A "vocational expert" who is not a physician is not and has never been held to be qualified for appointment to examine plaintiff. Accordingly, the trial court exceeded its authority in entering the order for examination by a non-physician.

The provisional writ in prohibition is ordered to be made permanent.

KELLY, P.J., and CARL R. GAERTNER, J., concur.