STATE of Missouri, ex rel. Harold G. LAKEMAN, Relator,

v.

The Honorable Mark S. SIEDLIK, Respondent.

Missouri Association of Trial Attorneys, Amicus Curiae.

Nos. WD 47536, WD 47565.

Missouri Court of Appeals, Western District.

Jan. 25, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 1, 1994.

Application to Transfer Denied April 26, 1994.

**504**

George G. Allen, Jr., Kansas City, for relator Lakeman.

Terry J. Brady, Mark E. Kelly, Gage & Tucker, Kansas City, Jeremiah W. Nixon, Atty. Gen., Jefferson City, for appellant-respondent Siedlik.

John B. Boyd, Connaughton, Boyd & Kenter, P.C., Kansas City, for amicus curiae.

Before KENNEDY, P.J., and ULRICH and SPINDEN, JJ.

ULRICH, Judge.

The Honorable Mark S. Siedlik, Administrative Law Judge, Missouri Division of Workers' Compensation, (ALJ Siedlik) appeals the writ of prohibition prohibiting him from requiring Harold G. Lakeman, employee/claimant, to submit to a rehabilitation evaluation by a vocational expert as requested by Allied–Signal, Inc. (employer) and the State Treasurer as custodian for the Second Injury Fund (Fund). The writ of prohibition did not prohibit enforcement of ALJ Siedlik's order directing Mr. Lakeman to submit to physical evaluation by a physician, although the prohibition was sought by Mr. Lakeman.[1]

Mr. Lakeman cross appeals from the circuit court's writ of prohibition, contending that ALJ Siedlik exceeded his authority by requiring him to submit to physical evaluation by a medical doctor at the request of the Fund. The issue presented is whether an administrative law judge, Missouri Division of Worker's Compensation (ALJ), can require a claimant to submit to an evaluation by a nonphysician vocational expert at the request of an employer or require a claimant who asserts a claim against the Second Injury Fund to submit to rehabilitation evaluation by a vocational expert or physical examination by a physician.

The portion of the writ of prohibition prohibiting the ALJ from compelling Mr. Lakeman to submit to evaluation by a vocational expert is affirmed. The denial of the applica-

---

1. Normally a request for extraordinary writ from a higher court and not an appeal is the proper remedy to contest the dismissal of a writ. *State ex rel. Office of Public Counsel v. Public Service Comm'n*, 741 S.W.2d 114, 115 (Mo.App.1987).

The dismissal of a writ of prohibition is considered on appeal in this case because the dismissal was based on the merits and determined a question of law. *State ex rel. Stoecker v. Director of Revenue*, 734 S.W.2d 263, 266 (Mo.App.1987).

tion for a writ prohibiting enforcement of the ALJ's order compelling Mr. Lakeman to submit to physical examination at the request of the Fund is reversed. The case is remanded with direction.

### Background

Harold G. Lakeman filed a claim for workers' compensation on May 10, 1991. He alleged that on May 24, 1989, while in the scope and course of his employment, he suffered an injury to his right shoulder, neck and back. Mr. Lakeman claimed he was due compensation from the Second Injury Fund for permanent partial disability because of a previous injury to his left foot. This claim was later amended to seek permanent total disability from the Fund because of the injury he incurred on May 24, 1989, combined with several preexisting disabilities, including total loss of hearing in his right ear, loss of hearing in his left ear, and limitations to the use of his left foot, right shoulder, right knee, and upper back.

Counsel for the Fund scheduled Mr. Lakeman for evaluation by two physicians to determine the nature and extent of his disability. Mr. Lakeman was seen by a specialist in the treatment and evaluation of industrial and orthopedic injuries on July 27, 1992. Mr. Lakeman refused to submit to the scheduled examination by a medical specialist in diagnosis and treatment of hearing loss.

The Fund and the employer requested Mr. Lakeman to submit to examination by a vocational expert to determine the extent of his employment capabilities. Mr. Lakeman refused to submit to examination by the vocational expert. Mr. Lakeman was evaluated and obtained a report from a vocational expert of his choice.

Judge Siedlik ordered Mr. Lakeman to submit to a physical examination on behalf of the Fund and to submit to examination by a vocational expert on behalf of the Fund and employer. Mr. Lakeman then sought a writ of prohibition in the circuit court of Jackson County to prevent enforcement of ALJ Siedlik's order. The circuit court issued its writ of prohibition, and this appeal resulted.

### Points I and II

As point one on appeal, ALJ Siedlik claims the circuit court erred in prohibiting him from ordering Mr. Lakeman to submit to a vocational evaluation at the request of the Fund. Point two claims that the court erred in prohibiting ALJ Siedlik from ordering Mr. Lakeman to submit to expert vocational evaluation at the request of the employer. The Circuit Court, in its order, ruled that an ALJ does not have authority to order vocational evaluation by anyone who is not a medical doctor.

■ Workers' compensation is a creation of statute. It did not exist at common law but is considered "substitutional for common law tort remedies whose primary purpose is to mitigate losses sustained from accidental injuries received by working persons in the course of employment." *Sheldon v. Board of Trustees,* 779 S.W.2d 553, 555 (Mo. banc 1989); *Scott v. Edwards Transp. Co.,* 807 S.W.2d 75, 82 (Mo. banc 1991). The ALJ has only the authority granted by statute. *Soars v. Soars–Lovelace, Inc.,* 346 Mo. 710, 142 S.W.2d 866, 871 (1940). Workers' compensation was enacted to reduce costs and time involved in litigation for accidents occurring in the course and scope of employment. *See* 99 C.J.S. § 5(a) (Workers' compensation laws form a legislative response to a public demand "that a system be afforded whereby employers and employed *might escape* from personal injury litigation, and every employee … receive *at once* a reasonable recompense for injuries accidentally received in his employment under certain rules and without friction"). The workers' compensation laws replaced an injured worker's common law right to bring suit when the injury is encompassed by the workers' compensation laws. § 287.120(1), RSMo 1986. The workers' compensation provisions "shall be liberally construed with a view to the public welfare," § 287.800, "accordingly, we resolve all doubts in favor of the employee." *Fischer v. Archdiocese of St. Louis–Cardinal Ritter Inst.,* 793 S.W.2d 195, 198 (Mo.App. 1990).

The Second Injury Fund is also a creation of statute,[2] and its limits and powers are expressed by statute. ALJ Siedlik cites section 287.220(2)—which empowers the State Treasurer, as custodian of the Fund, to *defend* the Fund—as the authority for his discovery order compelling Mr. Lakeman to submit to examination by a nonphysician vocational expert for the purpose of aiding the determination of the employee/claimant's employment capabilities.

■■ The scope of discovery available to each party, including the Fund, in a workers' compensation case is set by statute. No additional common law rights to discovery exist in workers' compensation cases beyond those provided for in the workers' compensation statute. Section 287.220(2) does not grant the Fund additional discovery power beyond the scope outlined in chapter 287. ALJ Siedlik confuses defense with discovery. The statutory authority for the State Treasurer to defend the Fund grants neither discovery rights to the State Treasurer nor authority to compel boundless discovery to ALJs.

The proceedings of workers' compensation are to be "simple, informal and summary." § 287.550. If the Fund were allowed to exercise full discovery procedures "in defending," the workers' compensation case would be as complex, costly and time consuming as a litigated personal injury case. The legislature intended that the workers' compensation laws provide: rapid resolution of employee claims of job-related injury to benefit the employee, resolution of doubts to favor the employee, and limited exposure to benefit the employer/insurer. Allowing the ALJs to exercise unrestricted authority to compel discovery would defeat the intent of the legislature by permitting extensive, expensive and potentially protracted discovery in worker compensation Second Injury Fund cases while continuing to limit exposure of the Fund.

■ The workers' compensation statute expressly grants certain parties the right to have a physician conduct a medical examination of the claimant. The statute does not, however, allow for any examination of the claimant by a nonmedical person. "[Q]uasi-judicial bodies such as the Division of Workers' Compensation are confined to the powers specifically granted them by statute." *State ex rel. River Cement Co. v. Pepple,* 585 S.W.2d 122, 124 (Mo.App.1979); *See also Ringeisen v. Insulation Services, Inc.,* 539 S.W.2d 621, 627 (Mo.App.1976) (the referee, as the ALJ was then called, derives power from the legislature and has limited rather than general jurisdiction). Within limitations discussed under point III, the ALJ in a workers' compensation case has authority to order *medical examinations only.*[3] These examinations must be by physicians as defined in Chapter 334. The ALJ lacks authority to order claimant to undergo a vocational rehabilitation evaluation at the request of either the employer or the Fund.[4] Points one and two are denied.

### Point III

■ The third point considered is whether the ALJ in a Second Injury Fund case has authority to direct the claimant to submit to physical examination by a physician. As dis-

---

2. § 287.220.

3. *Givan v. Adolf,* 723 S.W.2d 942 (Mo.App.1987), was a personal injury case holding that Rule 60.01(a) did not give a circuit judge the authority to compel evaluation by a vocational rehabilitation expert who was not a medical doctor. *Givan,* at 943–44, explained that before Rule 60.01 was adopted the general power to compel examination could only be made at the trial court's discretion. The *Givan* court explained that the trial court could not compel examination by an opposing party's witness until 1943 and the enactment of the predecessor to section 510.040, RSMo 1978 and later Rule 60.01. "It appears that the provisions for 'examination by witness for the other side' were purposefully limited to physicians." *Givan,* at 944. Generally rules of civil procedure do not apply to workers' compensation cases, *Tillman v. Wedge Mobile Service Station,* 565 S.W.2d 653, 656 (Mo.App.1978), however, if the circuit court lacks power to order a vocational evaluation by a non-physician, *a fortiori,* an ALJ with his limited jurisdiction, does not have the authority to so order unless such authority has been specifically granted by the legislature.

4. The claimant can, of course, consent voluntarily to undergo a vocational evaluation by an expert selected by the Fund or the employer.

cussed previously, workers' compensation is a statutory creation and did not exist at common law. The Second Injury Fund is also a creation of statute. It did not exist at common law. The authority of an ALJ to order a medical exam is conferred by statute. Section 287.210 allows a medical examination at the request of "the employer, his insurer, the commission, the division or an administrative law judge." § 287.210. The Fund is not included as one that may request the claimant to submit to physical examination. The Fund, as a "party" involved in the action, has only the discovery rights granted by section 287.560.

When the commission or the division requests an examination, the physician shall be appointed by either the commission or the division, shall be "impartial," and shall submit his report to the division or commission. § 287.210(2). If an ALJ desires a separate medical examination of the claimant, the ALJ must follow the same procedure the statute outlines for the division or commission. § 287.610(2), RSMo Supp.1992.[5] The ALJ may not allow another party, for example the Fund, to select and pay a physician for an examination under the guise that the examination is for the ALJ.

An ALJ lacks authority to order an examination of an employee/claimant by a person who is not a physician as defined under chapter 334, RSMo 1986. The ALJ does not have authority to order a claimant to undergo a medical examination at the request of the Second Injury Fund. Only the employee, employer and its insurer, may request a medical examination by their own respective physicians. The ALJ, the commission or division may order a medical examination—but the physician must be an impartial physician appointed by the commission or division as set forth in section 287.-210.

That portion of the circuit court's order prohibiting the ALJ from ordering the vocational rehabilitation evaluation by any non-physician, is affirmed. The portion of the circuit court's order declining to prohibit ALJ Siedlik from ordering Mr. Lakeman to undergo a physical examination by the Fund's physician is reversed, and the case is remanded to the circuit court with direction to grant the writ of prohibition preventing ALJ Siedlik from ordering a physical examination of Mr. Lakeman at the request of the Fund.

All concur.

---

5. With respect to original hearings, the administrative law judges shall have such jurisdiction and powers as are vested in the division of workers' compensation under other sections of this chapter, and wherever in this chapter the word "commission", "commissioners" or "division" is used in respect to any original hearing, those terms shall mean the administrative law judges appointed under this section....