STATE ex rel. Flora ARNETT,
Relator/Appellant,

v.

William H. GREER, Administrative Law
Judge, Division of Workers' Compensation, Respondent/Respondent.

No. 69233.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 30, 1996.

Timothy G. Noble and Edward J. Hanlon, St. Louis, for appellant.

J. Patrick Chassaing, St. Louis, for respondent.

RHODES RUSSELL, Judge.

Relator/Appellant, Flora Arnett ("claimant"), appeals from the trial court's denial of her request for a writ of prohibition to prevent an administrative law judge from compelling her to attend a deposition in the presence of a vocational rehabilitation expert. We reverse and remand.

Claimant sought relief through the Division of Workers' Compensation for an injury she received while working for Continental Baking Company ("employer"). Claimant was scheduled for a deposition on March 10, 1994. At the deposition, employer sought to have June Blaine, a vocational rehabilitation specialist, ("vocational specialist"), present during the deposition. When claimant refused to be deposed in the presence of the vocational specialist, the vocational specialist left the deposition and claimant was deposed.

On April 14, 1994, employer filed a Motion to Dismiss and Alternative Motion to Strike claiming that it was unable to prepare for the hearing unless the vocational specialist was allowed to be present during the deposition of claimant. On August 9, 1994, respondent Honorable William H. Greer, an administra-

tive law judge for the Division of Workers' Compensation, entered an order requiring that claimant be deposed in the presence of the vocational specialist. Employer then filed a notice of June 14, 1995, to again take the deposition of claimant in the presence of the vocational specialist.

On June 20, 1995, claimant filed a petition in prohibition with the Circuit Court of the City of St. Louis seeking to prevent the ALJ from enforcing his order requiring that claimant appear for another deposition in the presence of the vocational specialist. The circuit court issued an order on June 20, 1995, granting the writ of prohibition without designating it as provisional or permanent. Employer, thereafter, filed a motion to vacate the circuit court's order in prohibition. The circuit court granted employer's motion insofar as its earlier order granted permanent relief, but modified its June 20th order and denoted it as a preliminary writ. After employer filed its answer to the petition in prohibition, the circuit court entered its order on September 1, 1995, denying claimant's request to make the writ permanent. Claimant filed her timely notice of appeal on September 8, 1995, stating that the ALJ abused his discretion by requiring that she appear for a second deposition in the presence of a vocational specialist.

■ As a preliminary matter, we note that normally the proper remedy to contest the denial of a writ is to request an extraordinary writ from a higher court and not a direct appeal. *State ex rel. Office of Public Counsel v. Missouri Public Service Comm'n,* 741 S.W.2d 114, 115 (Mo.App.1987). However, if the denial is based on the merits of a writ petition or determines a question of law, an appeal is proper. *State ex rel. Stoecker v. Director of Revenue,* 734 S.W.2d 263, 265–66 (Mo.App.1987). Because the denial was based on the merits of claimant's petition and addressed questions of law, we find it appropriate to accept the appeal as filed. *See, e.g., State ex rel. Lakeman v. Siedlik,* 872 S.W.2d 503, 504–05 (Mo.App.1994).

■ While lower courts are vested with broad discretion in administering the rules of discovery, prohibition is the proper remedy when a lower court makes an order in discovery proceedings that either exceeds its jurisdiction or abuses its discretion. *See Leritz v. Koehr,* 844 S.W.2d 583, 584–85 (Mo.App. 1993).

Appellant relies heavily on *Lakeman,* supra, as being dispositive of the matter before us. However, the issue before the Western District in that case was whether a claimant could be required to submit to a rehabilitation evaluation by a vocational expert as requested by an employer and the State Treasurer as custodian of the Second Injury Fund. The Western District affirmed the trial court's issuance of the writ of prohibition prohibiting the ALJ from ordering the claimant to submit to an evaluation by a vocational expert, reasoning that under workers' compensation law, an ALJ does not have the authority to compel a claimant to submit to an evaluation by anyone other than a physician. *Id.* at 506.

■ The specific issue raised herein is whether an ALJ can compel a claimant to submit to a deposition in which a nonmedical expert, a vocational rehabilitation specialist, is present. While neither the workers' compensation statutes nor the rules of civil procedure expressly allow or prohibit expert witnesses from being present during a plaintiff's deposition, it is clear that the ALJ's order compelling claimant to be deposed in the presence of the vocational specialist had the same practical effect as compelling an evaluation of claimant by the vocational specialist. The expert would be allowed to observe the claimant's demeanor, physical abilities, limitations and responses during the deposition and use this information in her evaluations and findings. Because a vocational rehabilitation expert could not ascertain this type of information from a reading of a deposition transcript alone, we find that the practical result of the expert's presence at the deposition amounts to an examination of the claimant by a nonphysician in direct conflict with the proscription of § 287.210 RSMo 1994.

An ALJ has only the authority granted by statute, and no additional common law rights to discovery exist in workers' compensation cases beyond those provided for by statute. *Lakeman,* 872 S.W.2d at 506. Section 287.560, RSMo 1994, vests the ALJ with the power to cause depositions and compel attendance. This authority to compel discov-

ery, however, is limited by statute. *Lakeman*, 872 S.W.2d at 506. Employer should not be able to circumvent our statutes, rules or the law as held in *Lakeman* by compelling an "examination" through the medium of a deposition. Of course, a claimant could consent to allow the vocational specialist's attendance or otherwise voluntarily submit to the specialist's evaluation, but she can not be forced to under the guise of legitimate discovery. Despite employer's statement that the attendance of the vocational specialist at the deposition is needed to help it prepare for its defense to the claim, employer has failed to show why it should be granted greater discovery privileges than those afforded in other types of suit.

We, therefore, find that the ALJ exceeded his jurisdiction and abused his discretion by compelling claimant to attend a deposition in the presence of a vocational rehabilitation expert. The circuit court's order declining to prohibit the ALJ from ordering claimant to attend the second deposition is reversed, and the case is remanded to the circuit court with directions to grant the permanent writ of prohibition.

SMITH, P.J., and GARY M. GAERTNER, J., concur.