**STATE of Missouri, ex rel., Robert KERNS, Relator,**

v.

**Honorable Kenneth CAIN, Administrative Law Judge, Respondent.**

**No. WD 57548.**

Missouri Court of Appeals, Western District.

Dec. 7, 1999.

---

2. We added the emphasis.

Michael A. Knepper, Kansas City, for relator.

D'Ambra M. Howard, Kansas City, for respondent.

Before JOSEPH M. ELLIS, Presiding Judge, HAROLD L. LOWENSTEIN, Judge and ALBERT A. RIEDERER, Judge.

JOSEPH M. ELLIS, Judge.

Robert W. Kerns filed a claim with the Missouri Division of Workers Compensation on March 4, 1996, claiming he sustained job-related injuries to his back, hips, head, brain, inner ear, left hand and to his body as a whole. Kerns' employer, Midwest Conveyor Co. (Midwest), has denied all allegations made by Kerns, including any need for medical care or treatment. Kerns is also claiming psychological problems due to the injuries he sustained at work. Because of these claims, Kerns was examined and evaluated by a psychiatrist and neuropsychologist of his choosing.

During the pre-hearing stage of the case, Midwest deposed the psychiatrist and neuropsychologist that had examined Kerns and then filed a motion to compel Kerns to undergo an examination by a psychiatrist chosen by Midwest. The psychiatrist chosen by Midwest referred Kerns to a neuropsychologist to have psychological tests conducted. This exam was intended to be used for litigation purposes only; to compile evidence Midwest could use in defending against the worker's compensation claim. Kerns refused to submit to an evaluation by the neuropsychologist recommended by his employer and a motion to compel compliance was filed by Midwest. The Honorable Kenneth Cain, an Administrative Law Judge (ALJ), conducted a hearing on the motion and ultimately issued an order on April 6, 1999, requiring Kerns to "submit to an examination by a neuropsychologist chosen by the Employer" in preparation for the trial of the case.

On April 15, 1999, Kerns applied to the circuit court for a writ of prohibition. The application was denied and on August 5, 1999, Kerns filed a Petition for Writ of

Prohibition with this court. Kerns alleged that Administrative Law Judge Cain had no authority to order him to undergo an examination by a neuropsychologist. We issued a Preliminary Order in Prohibition on August 17, 1999 and stayed the order of the ALJ pending further order of this court.

A writ of prohibition is not issued as a matter of right, but instead, whether a writ is issued is a question left to the sound discretion of the court in which a petition has been filed. *State ex rel. J.E. Dunn Construction Co. v. Fairness in Const. Bd.*, 960 S.W.2d 507, 511 (Mo.App. W.D.1997). This matter is properly before this court as the Missouri Supreme Court has declared that "[t]he proper remedy to contest the dismissal of a petition for writ of prohibition is a request for a writ from a higher court." *Farm Bureau Town & Country Ins. Co. v. Angoff*, 909 S.W.2d 348, 355 (Mo. banc 1995). Our power to issue a writ of prohibition is limited to correcting or preventing lower courts or agencies from acting without or in excess of jurisdiction. *State ex rel. Lester E. Cox Medical Center v. Wieland*, 985 S.W.2d 924, 926 (Mo.App. S.D.1999). A writ of prohibition is "essentially a means to prevent usurpation of judicial power, confine inferior courts and agencies to their proper jurisdiction and prevent them from acting without or in excess of their jurisdiction." *State ex rel. Lohman, v. Personnel Advisory Board*, 948 S.W.2d 701, 703 (Mo. App. W.D.1997).

The workers' compensation statute is an exclusive remedy and it replaces all common law rights of injured employees to bring suit. § 287.120.1;[1] *See also State ex rel. Lakeman v. Siedlik*, 872 S.W.2d 503, 505 (Mo.App. W.D.1994). This statute requires liberal construction with a view to the public welfare, § 287.800; accordingly, all doubts should

be resolved in favor of the employee. *Lakeman*, 872 S.W.2d at 505. The scope of discovery and the authority of an ALJ in a workers' compensation case are set by statute. *Id.* at 506. No additional common law rights to discovery exist in workers' compensation cases beyond those enumerated in the statute. *Id.*

Section 287.210.1 of the Workers' Compensation Law provides, in pertinent part:

> After an employee has received an injury he shall from time to time thereafter during disability submit to reasonable *medical examination* at the request of the employer, his insurer, the commission, the division or an administrative law judge.... (Emphasis added).

This statute gives an ALJ the authority to order a medical examination be performed on a claimant at the request of an employer. § 287.210.1. In addition, this statute limits the ALJs authority to ordering "medical examinations" only. *Lakeman*, 872 S.W.2d at 506.

In *Lakeman*, an employee (claimant) filed a workers' compensation claim alleging work related injuries to his right shoulder, neck and back. *Id.* at 505. The claimant was seeking compensation from the Second Injury Fund (the Fund) for his disabilities. *Id.* Claimant obtained an evaluation and report from a vocational expert of his choosing, but refused to submit to an examination by a vocational expert chosen by his employer and the Fund.[2] *Id.* The ALJ ordered claimant to submit to the examination and the circuit court issued a writ of prohibition prohibiting the ALJ from compelling the claimant to submit to the examination by a vocational expert. *Id.* On appeal, we affirmed the trial court's issuance of the writ of prohibition on the basis that an ALJ does not have the authority under the workers' compensation law to compel a claimant to submit to an

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

2. A vocational expert evaluates a patient to determine the extent of his employment capabilities.

evaluation by anyone other than a physician. *Lakeman,* 872 S.W.2d at 506. In doing so, we held that the "medical examinations" permitted by § 287.210.1 must be conducted by physicians as defined in Chapter 334[3] and a vocational expert is not a physician as defined under the statute. *Id.*

> The workers' compensation statute expressly grants certain parties the right to have a physician conduct a medical examination of the claimant. The statute does not, however, allow for any examination of the claimant by a non-medical person. "[Q]uasi-judicial bodies such as the Division of Workers' Compensation are confined to the powers specifically granted them by statute." *State ex rel. River Cement Co. v. Pepple,* 585 S.W.2d 122, 124 (Mo.App.1979); *See also Ringeisen v. Insulation Services, Inc.,* 539 S.W.2d 621, 627 (Mo.App.1976) (the referee, as the ALJ was then called, derives power from the legislature and has limited rather than general jurisdiction). Within limitations discussed under point III, the ALJ in a workers' compensation case has authority to order medical examinations only. These examinations must be by physicians as defined in Chapter 334. The ALJ lacks authority to order claimant to undergo a vocational rehabilitation evaluation at the request of either the employer or the Fund.

*Id.* at 506 (footnote omitted).

*Lakeman* was followed by the Eastern District's decision in *State ex rel. Arnett v. Greer,* 921 S.W.2d 128 (Mo.App. E.D.1996). In *Arnett,* the court concurred in the *Lakeman* analysis and extended its holding to prohibit using the medium of a deposition to conduct an examination of a claimant by a non-physician.

The specific issue raised herein is whether an ALJ can compel a claimant to submit to a deposition in which a nonmedical expert, a vocational rehabilitation specialist, is present. While neither the workers' compensation statutes nor the rules of civil procedure expressly allow or prohibit expert witnesses from being present during a plaintiff's deposition, it is clear that the ALJ's order compelling claimant to be deposed in the presence of the vocational specialist had the same practical effect as compelling an evaluation of claimant by the vocational specialist. The expert would be allowed to observe the claimant's demeanor, physical abilities, limitations and responses during the deposition and use this information in her evaluations and findings. Because a vocational rehabilitation expert could not ascertain this type of information from a reading of a deposition transcript alone, we find that the practical result of the expert's presence at the deposition amounts to an examination of the claimant by a non-physician in direct conflict with the proscription of § 287.210 RSMo 1994.

An ALJ has only the authority granted by statute, and no additional common law rights to discovery exist in workers' compensation cases beyond those provided for by statute. *Lakeman,* 872 S.W.2d at 506. Section 287.560, RSMo 1994, vests the ALJ with the power to cause depositions and compel attendance. This authority to compel discovery, however, is limited by statute. *Lakeman,* 872 S.W.2d at 506. Employer should not be able to circumvent our statutes, rules or the law as held in *Lakeman* by compelling an "examination" through the medium of a deposition. Of course, a claimant could consent to allow the vocational specialist's attendance or otherwise voluntarily sub-

**3.** Section 334.021 provides:
> Where other statutes of this state use the terms **"physician"**, **"surgeon"**, **"practitioner of medicine"**, **"practitioner of osteopathy"**, **"board of medical examiners"** or **"board of** osteopathic registration and examination"** or similar terms, they shall be construed to mean physicians and surgeons licensed under this chapter or the state board of registration for the healing arts in the state of Missouri.

mit to the specialist's evaluation, but she can not be forced to under the guise of legitimate discovery. Despite employer's statement that the attendance of the vocational specialist at the deposition is needed to help it prepare for its defense to the claim, employer has failed to show why it should be granted greater discovery privileges than those afforded in other types of suit.

*Id.* at 129–30.

Disposition of the instant matter is governed by *Lakeman* and *Arnett.* A neuropsychologist is not a physician licensed under Chapter 334 "or the state board of registration for the healing arts in the state of Missouri." § 334.021. Accordingly, the ALJ exceeded his authority and jurisdiction by ordering Kerns to submit to an evaluation by a non-physician neuropsychologist.

For the foregoing reasons, our preliminary writ of prohibition is made absolute.

RIEDERER, J., concurs.

LOWENSTEIN, J., concurring opinion attached.

LOWENSTEIN, Judge, concurring.

Section 287.210.1 does not allow an examination by a non-physician. Despite the purpose of the workers' compensation statutes, it seems unfair to allow the claimant to utilize the testimony of a neuropsychologist, but not allow the employer to do the same. It is little consolation to say the employer-insurer may cross-examine the claimant's witness while denying them the ability to access their own evidence. Until the statute is changed, the courts must adhere to the statute, and there is no alternative but to make the writ absolute.