**STATE of Missouri, ex rel, Helen CARTER, Respondent,**

v.

**CITY OF INDEPENDENCE, Missouri, Appellant.**

**No. WD 68732.**

Missouri Court of Appeals, Western District.

Oct. 28, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 23, 2008.

Application for Transfer Denied Jan. 27, 2009.

Lynn Weddle Judkins, Kansas City, MO, for Appellant.

John Richard Boyd, Kansas City, MO, for Respondent.

Before JOSEPH M. ELLIS, Presiding Judge, RONALD C. HOLLIGER, Judge and JOSEPH P. DANDURAND, Judge.

JOSEPH M. ELLIS, Judge.

The City of Independence, Missouri, appeals from a writ of prohibition precluding it from having Claimant Helen Carter evaluated by a vocational counselor in her pending workers' compensation case. For the following reasons, we reverse.

On October 30, 1998, Helen Carter ("Claimant") filed a claim with the Division of Workers' Compensation ("the Division") against her former employer, the City of Independence, Missouri ("Employer"). She claimed injuries to her lower back, lower extremities, and body as a whole from an "accident, series of accidents, or other occupational diseases" that occurred through August 28, 1998. Claimant alleged that the injuries were the result of repeatedly lifting trash cans, ladders, mops and buffing, shoveling, etc., which were all integral parts of her job duties as a custo-dian. At some point, Claimant filed an amended claim alleging that she was permanently and totally disabled and specifying that her injuries were to her lower back, left hip, right hip, and body as a whole.[1] Employer denied that Claimant's injuries arose out of and in the course of her employment and generally denied each aspect of Claimant's claim.

In 2006, Employer sought to have Claimant evaluated by a vocational counselor, and Claimant responded with a motion for protective order. Claimant had already been evaluated by her own vocational rehabilitation expert, but the record does not reflect when that evaluation took place. The Administrative Law Judge ("ALJ") held a brief hearing on the matter and subsequently issued her Order denying Claimant's motion, finding that Employer was "entitled to a vocational examination," and ordering Claimant to appear for a vocational examination as scheduled by Employer.

Claimant filed a Petition for Writ of Prohibition in the Circuit Court of Jackson County, alleging that the ALJ exceeded her authority because § 287.143, RSMo 2005, does not authorize her to order Claimant to submit to a vocational examination. Section 287.143, RSMo 2000, provided: "As a guide to the interpretation and application of sections 287.144 to 287.149, sections 287.144 to 287.149 shall not be construed to require the employer to provide vocational rehabilitation to a severely injured employee." Effective August 28, 2005, the following second sentence was added: "An employee shall submit to appropriate vocational testing and a vocational rehabilitation assessment sched-

---

1. The record on appeal contains nothing from the workers' compensation file other than the initial claim, Employer's initial response, and the ALJ's order requiring Claimant to submit to vocational testing; however, both parties represent that Claimant filed such an amended claim.

uled by an employer or its insurer." Claimant argued that the 2005 amendment cannot be applied retroactively because it constitutes a substantive change to the law, in that it imposes an additional obligation on the employee, and there is no express legislative intent for the amendment to apply retroactively.

The circuit court issued a preliminary writ of prohibition and set a deadline for Employer to respond. Employer filed a motion to dismiss asserting that the court had no jurisdiction to issue a writ, Claimant opposed the motion, and the court held a hearing on the matter. The court subsequently issued its order determining that it had jurisdiction and that the 2005 amendment to § 287.143 is substantive in nature and cannot be applied retroactively. Accordingly, the court made its preliminary writ of prohibition absolute and barred the ALJ from enforcing her prior order or otherwise requiring Claimant to submit to a vocational examination. This appeal follows.

Employer brings four points on appeal. The first two points concern the circuit court's jurisdiction to review the ALJ's ruling and issue a writ. In Point I, Employer argues that the circuit court did not have jurisdiction to review the ALJ's ruling because that ruling concerned discovery relating to the determination of care and/or services to an employee and, therefore, fell under the exclusive jurisdiction of the Division. In its second point, Employer asserts that the court did not have jurisdiction because the ALJ did not specify the reasons for her ruling and the court was not presented with any transcripts from the Division.

None of Employer's arguments under these points have any merit. A writ of prohibition is appropriate where "the court or tribunal exceeded its personal or subject matter jurisdiction ... [or] lacked the power to act as it did." *State ex rel. Rosenberg v. Jarrett*, 233 S.W.3d 757, 760 (Mo.App. W.D.2007). This Court has previously recognized that a circuit court has jurisdiction to issue a writ of prohibition directed to an administrative agency. *See State ex rel. Miss. Lime Co. v. Mo. Air Conservation Comm'n*, 159 S.W.3d 376, 382–83 (Mo.App. W.D.2004); *State ex rel. Mo. State Bd. of Pharmacy v. Admin. Hearing Comm'n*, 220 S.W.3d 822, 825 (Mo.App. W.D.2007). The court did not need to see the ALJ's specific reasoning or the parties' arguments before the ALJ to determine whether, as a matter of law, the ALJ exceeded her authority in ordering Claimant to submit to a vocational examination pursuant to § 287.143, RSMo 2005. Points I and II are denied.

Employer's final two points concern the propriety of the writ itself. "A writ of prohibition does not issue as a matter of right, and whether a writ should be issued in a particular case is a question left to the sound discretion of the court to which the application is made." *State ex rel. Garrett v. Dally*, 188 S.W.3d 111, 113 (Mo.App. S.D.2006) (internal quotation omitted). "The discretionary authority of a court to issue a writ of prohibition is exercised when the facts and circumstances of a particular case demonstrate unequivocally that an extreme necessity for preventative action exists." *Id.* (internal quotation omitted).

Writs of prohibition are limited to the "fairly rare" situations where (1) the court or tribunal exceeded its personal or subject matter jurisdiction, (2) the court or tribunal lacked the power to act as it did, or (3) "absolute irreparable harm may come to a litigant if some spirit of justifiable relief is not made available[,]" or there is an issue of law that will likely escape review on appeal

and cause considerable hardship or expense to the aggrieved party.

*Jarrett*, 233 S.W.3d at 760 (quoting *State ex rel. Riverside Joint Venture v. Mo. Gaming Comm'n*, 969 S.W.2d 218, 221 (Mo. banc 1998)). "The writ relator bears the burden of establishing that the respondent exceeded its jurisdiction and that no adequate remedy is available to him by way of appeal." *Id.*

■ In Point III, Employer contends that the circuit court abused its discretion in issuing a permanent writ of prohibition because Claimant presented no evidence to show that she would suffer immediate, absolute, and irreparable harm from the ALJ's order. It relies on *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750 (Mo. banc 1991). However, the *Keeter* Court stated only that evidence of irreparable harm is necessary where a writ of prohibition is applied to "nonjurisdictional" errors. *Id.* at 752 ("To depart from the usual application of prohibition [to review nonjurisdictional errors] ... requires a peculiarly limited situation where some absolute irreparable harm may come to a litigant if some spirit of justifiable relief is not made available to respond to a trial court's order." (internal quotation omitted)). Irreparable harm is only one of several instances under which a writ may be appropriate. *Jarrett*, 233 S.W.3d at 760.

■ Employer also argues under Point III that the court erred in determining that the 2005 amendment to § 287.143 is substantive in nature, which was the focus of oral arguments before the circuit court and this Court. It insists that the amendment is procedural in nature because a vocational examination is a form of discovery. Employer continues this argument in Point IV, asserting that prohibiting the ALJ from ordering Claimant to submit to a vocational examination at Employer's request results in an inequitable situation because Claimant has already been evaluated by her own vocational expert. In response, Claimant contends that the amendment is substantive in nature because it takes away her "right to refuse to submit to a vocational testing and rehabilitation assessment by the employer/self-insured." We will address these two points together.

■ "As a general rule, if a statutory amendment is deemed to be procedural in nature, it will be applied retroactively to cases already pending on the effective date of the amendment, unless an express contrary intent appears from the terms of the amendment." *Wibberg v. State*, 957 S.W.2d 504, 507 (Mo.App. W.D.1997). "A substantive law relates to rights and duties giving rise to the cause of action, while procedural statutes supply the machinery used to effect the suit." *Dalba v. YMCA of Greater St. Louis*, 69 S.W.3d 137, 140 (Mo.App. E.D.2002). "Additionally, a substantive law takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already passed." *Id.*

This case presents an issue of first impression, but a review of the cases interpreting § 287.143 prior to the 2005 amendment is instructive. In *State ex rel. Lakeman v. Siedlik*, 872 S.W.2d 503 (Mo. App. W.D.1994), this Court held that an ALJ did not have authority to order a claimant to submit to an examination by a non-physician vocational expert. *Id.* at 506. The claimant had been evaluated by and obtained a report from a vocational expert of his choosing, but he refused to submit to a vocational examination at the request of his employer and the Second Injury Fund ("the Fund"). *Id.* at 504. The ALJ ordered the claimant to submit

to the evaluation, and this Court affirmed the circuit court's issuance of a writ of prohibition preventing enforcement of the order. *Id.* We stated, "The scope of *discovery* available to each party, including the Fund, in a workers' compensation case is set by statute. No additional common law rights to discovery exist in workers' compensation cases beyond those provided for in the workers' compensation statute." *Id.* at 506 (emphasis added). We then discussed the purpose of the limits on discovery, stating:

> The proceedings of workers' compensation are to be "simple, informal and summary." § 287.550. If the Fund were allowed to exercise full *discovery procedures* "in defending," the workers' compensation case would be as complex, costly and time consuming as a litigated personal injury case. The legislature intended that the workers' compensation laws provide: rapid resolution of employee claims of job-related injury to benefit the employee, resolution of doubts to favor the employee, and limited exposure to benefit the employer/insurer. Allowing the ALJs to exercise unrestricted authority to compel discovery would defeat the intent of the legislature by permitting extensive, expensive and potentially protracted discovery in worker compensation Second Injury Fund cases while continuing to limit exposure of the Fund.

*Id.* (emphasis added). This Court reasoned that "[t]he workers' compensation statute expressly grants certain parties the right to have a physician conduct a medical examination of the claimant" but "does not, however, allow for any examination of the claimant by a nonmedical person." *Id.* Accordingly, we held that an ALJ "has authority to order medical examinations only" and, therefore, "lacks authority to order claimant to undergo a vocational re-

habilitation evaluation at the request of either the employer or the Fund." *Id.*

The Eastern District of this Court relied on *Lakeman* to hold that an ALJ had no authority to order a claimant to submit to a deposition in which a non-physician vocational rehabilitation expert is present. *State ex rel. Arnett v. Greer,* 921 S.W.2d 128, 129–30 (Mo.App. E.D.1996). The court reasoned that "the practical result of the expert's presence at the deposition amounts to an examination of the claimant by a nonphysician in direct conflict with the proscription of § 287.210." *Id.* at 129. The court noted that an ALJ's "authority to compel *discovery* . . . is limited by statute" and stated that a claimant could "voluntarily submit to the [vocational] specialist's evaluation, but she cannot be forced to under the guise of *legitimate discovery.*" *Id.* at 129–30 (emphasis added).

A few years later, this Court relied on *Lakeman* and *Arnett* to hold that an "ALJ exceeded his authority and jurisdiction by ordering [the claimant] to submit to an evaluation by a non-physician neuropsychologist." *State ex rel. Kerns v. Cain,* 8 S.W.3d 212, 216 (Mo.App. W.D.1999). Judge Lowenstein concurred in the opinion but wrote separately, stating:

> Section 287.210.1 does not allow an examination by a non-physician. Despite the purpose of the workers' compensation statutes, it seems unfair to allow the claimant to utilize the testimony of a neuropsychologist, but not allow the employer to do the same. It is little consolation to say the employer-insurer may cross-examine the claimant's witness while denying them the ability to access their own evidence. Until the statute is changed, the courts must adhere to the statute, and there is no alternative but to make the writ absolute.

*Id.* at 216 (Lowenstein, J., concurring).

It is clear from the reasoning in *Lakeman, Arnett,* and *Kerns* that an ALJ's

authority to order a claimant to submit to an examination of any sort falls under its ability to control discovery procedures. Contrary to Claimant's arguments, she does not have a vested right to refuse to submit to an evaluation by a vocational rehabilitation expert. A review of Rule 60.01, which allows a circuit court to order a party to submit to a medical examination in the context of civil proceedings, confirms this reading. This Court noted in *Lakeman* that the Eastern District had held in *Givan v. Adolf*, 723 S.W.2d 942, 943 (Mo.App. E.D.1987), that Rule 60.01(a) did not authorize a circuit court to compel evaluation by a non-medical vocational expert. *Lakeman*, 872 S.W.2d at 506 n. 3. We stated that "if the circuit court lacks power to order a vocational examination by a non-physician, *a fortiori*, an ALJ with his limited jurisdiction, does not have the authority to so order unless such authority has been specifically granted by the legislature." *Id.*

■■■ Rule 60.01(a)(1) authorizes a circuit court to order a party to undergo a medical examination by a physician in a civil proceeding where "the mental condition, physical condition, or blood relationship of a party ... is in controversy." This Rule has also been referred to as procedural in nature and relating to the discovery process. *See, e.g., State ex rel. McCloud v. Seier*, 567 S.W.2d 127, 129 (Mo. banc 1978) (stating that Rule 60.01 superseded "procedural statute" allowing court to order party to submit to examination by physician); *Ratcliff v. Sprint Mo., Inc.*, 261 S.W.3d 534, 551–52 (Mo.App. W.D. Apr.2008) (noting that "Rule 60.01 establishes the procedure for independent

medical examinations" and that a "court-ordered medical examination is certainly part of the discovery process").

The purpose of rules providing for medical examinations in actions involving the physical condition of a party is to eliminate uncertainty concerning the medical aspects of the cause and permit the preparation of an intelligent and informed defense. This reveals "the exact and full truth concerning matters in controversy, in order that the court may bestow on litigants equal and exact justice."

*Barnes v. Kissell*, 861 S.W.2d 614, 619 (Mo.App. W.D.1993) (citing and quoting *Seier*, 567 S.W.2d at 128).

In *Givan*, one of the plaintiffs had been examined by a "vocational expert" and had furnished a copy of that report to an opposing party, Maritz. 723 S.W.2d at 943. Maritz then served notice to the plaintiff that it would call a psychologist as a witness at trial "[i]n order to counter the expected testimony of plaintiffs' 'vocational expert.'" *Id.* Maritz filed a motion pursuant to Rule 60.01 requesting the court to order the plaintiff to submit to an examination by the psychologist "in order to determine plaintiff's 'current physical and mental condition and how those conditions affect plaintiff's employability or re-employability.'" *Id.* The appellate court held that the trial court exceeded its authority in sustaining the motion. *Id.* at 945. The court reasoned that Rule 60.01 "expressly say[s] 'physician' [and] it is apparently designed to apply only to a 'physician.'" *Id.* at 943. The court noted that, when Rule 60.01 and its statutory predecessors were adopted,[2] "the provisions for 'examination

---

**2.** Unlike in the workers' compensation context, courts in civil proceedings "had inherent power to order, in a proper case, a physical or mental examination" under common law. *Seier*, 567 S.W.2d at 128. The legislature

codified this concept in 1943 under what is now § 510.040, and the Supreme Court adopted Rule 60.01 effective April 1, 1960, which superseded the statute. *Id.* at 128–29.

by witness for the other side' were purposefully limited to physicians." *Id.* at 944. The court acknowledged that, even before Rule 60.01 was adopted, courts had an inherent power to order a party to submit to a physical examination under certain circumstances, but it found that such power did not extend to examinations by non-physicians. *Id.* The court also noted that Maritz "did not ask the trial court to order an examination on the authority of a general power to compel discovery" but under Rule 60.01 itself, so "the precise question [was] the limit of the authority conferred by the Rule." *Id.* The court concluded that Rule 60.01 clearly and unambiguously "provides for an order for an examination only by a physician" and that "[a]ny extension of the Rule would be a matter for the legislature or the Supreme Court which enacted the Rule." *Id.*

Similar to the workers' compensation statutes, Rule 60.01 was amended subsequent to *Givan,* effective January 1, 1997, to authorize a circuit court to compel a party "to submit to evaluation by vocational rehabilitation professionals" where the "vocational ability" of the party is in controversy. *Rule 60.01(a)(2).* We have found no cases addressing any such order.

The reasoning and conclusion in *Givan* are virtually identical to that in *Lakeman.* Both cases clearly characterize a circuit court or ALJ's ability to compel a party to submit to an examination by a non-physician vocational expert as part of the discovery process that is designed to gather information about the claims and is limited by express authority. Accordingly, the 2005 amendment to § 287.143 was clearly procedural in character, and the circuit court erred in finding that it was substantive and did not apply retroactively to Claimant's pending workers' compensation claim. The court abused its discretion in issuing a writ of prohibition to prevent enforcement of the ALJ's order compelling Claimant to submit to an evaluation by a vocational rehabilitation expert of Employer's choosing. Points III and IV are granted.

The circuit court's ruling is reversed, and the case is remanded for entry of an order quashing the writ of prohibition.

All concur.