

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| **SSM HEALTH CARE,** | ) | |
| | ) | **WD77560** |
| **Appellant,** | ) | |
| **v.** | ) | **OPINION FILED:** |
| | ) | |
| **DONNICE HARTGROVE,** | ) | **December 16, 2014** |
| | ) | |
| **Respondent.** | ) | |

## LABOR AND INDUSTRIAL RELATIONS COMMISSION

Before Division One:  Thomas H. Newton, P.J.,
Lisa White Hardwick, and Anthony Rex Gabbert, JJ.

### Summary

SSM Health Care (employer) appeals the decision of the Labor and Industrial Relations Commission (Commission) denying a motion to suspend  disability benefits to Ms. Donnice Hartgrove (employee) for refusing to submit to a medical examination.  We affirm.

### Factual and Procedural Background

In June 2001, the employee, a registered nurse, injured her back while lifting a 300-pound stroke patient.  After receiving medical treatment, including surgery, the employee returned to work.  She left work after three weeks because of lower back and leg pain and an inability to concentrate.  The employer had notice of the injury, and the employee timely filed a claim for worker's compensation.

In November 2003, a hearing was held before an Administrative Law Judge (ALJ) within the Division of Workers' Compensation (Division). In January 2004, the ALJ found[1] that the employee had "sustained her burden of proof that she is permanently and totally disabled," and that "[t]here was no contradictory evidence." The employee was awarded lifetime permanent total disability (PTD) compensation from the employer, along with $41,311.20 for the period of June 2, 2002, through January 10, 2004. The employer appealed to the Commission, and the Commission affirmed the ALJ's award.

In February 2014, the employer suspended the employee's disability payments, and the employee filed a motion with the Commission to compel the employer to "comply with the Commission's 2004 final award allowing compensation." In the motion, the employee stated that, "[o]nce again,[2] on or about February 15, 2014, Employer stopped payment of the awarded weekly compensation and . . . has not filed an Application for Review." She further stated that the employer justified the termination of payments because she "declined to appear for a medical examination as scheduled by the employer." She argued that the employer's "appropriate remedy [was] to file an Application for Review pursuant to RSMo 287.4 [sic]," and that the

---

[1] Within the "Applicable Law" section, the statute referenced was section 287.140 (RSMo 1994). The following text was quoted: "[This section] requires that the employer provide 'such medical, surgical, chiropractic, and hospital treatment . . . as may reasonably be required . . . to cure and relieve (the employee) from the effects of the injury." However, because the employee's injury was sustained in June 2001, the applicable version of the statute was instead RSMo 2000. Because the quoted material was identical in the 2000 version of the statute, this error is inconsequential.

[2] In the employee's motion, she stated that the employer suspended her benefits in 2006, pending receipt of a "current medical authorization," and the employer submitted an application to the Commission for review, pursuant to section 287.470, "based on [a] change in condition." At that time, the employee filed a motion to dismiss the employer's application for review, stating, *inter alia*, that the employer failed to cite any "factual basis . . . to warrant a determination that she is no longer . . . disabled." The Commission granted the employee's motion and dismissed the employer's application, and the employer resumed payments.

employer could not "unilaterally make a decision to modify or terminate benefits as demonimated in a Final Award of the Commission."

In March 2014, the employer filed a response to the employee's motion to compel, along with a request for an order from the Commission to compel the employee to attend a medical examination, pursuant to section 287.210.1 (referred to by the Commission as the "employer/insurer's motion"). The employer contended that it was: (1) "statutorily justified in scheduling the . . . medical examination"; [and] (2) "justified in terminating the weekly benefits" because it provided "timely notice of the examination and the [employee] failed to appear," thereby failing to "cooperate with the scheduled examination." The employer requested that the "Commission order the [employee] to appear for a medical examination at a mutually convenient time to be scheduled on behalf of the Employee by the Employer."

In April 2014, the Commission denied both parties' motions. In the order, the Commission addressed "the parties' rights and obligations under [section] 287.210.1," reasoning that their motions "betray[ed] a misunderstanding of the meaning and application of that section." It stated that the "plain language . . . makes clear" that: (1) the employee "is required to submit to a reasonable medical examination 'during disability' at the request of the employer/insurer"; but (2) the "employer/insurer is not authorized . . . to take unilateral action to suspend permanent total disability benefits to [the] employee based on her alleged failure to attend a reasonable medical examination." In addition to denying both motions, the Commission found that the employee "remains entitled to the receipt of permanent total disability benefits in the amount of $491.80 per week."

The employer and its insurer jointly filed a request to the Commission to reconsider and rescind the order. The Commission denied the request, and the employer appeals.

**Standard of Review**

"Where the [Commission's decision] attaches and incorporates the ALJ's award and decision, this [C]ourt considers the findings and conclusions of the Commission as including the ALJ's award." *Michael v. Treasurer*, 334 S.W.3d 654, 661 (Mo. App. S.D. 2011) (internal quotation marks and citations omitted). We review the Commission's decision to determine whether it is "supported by competent and substantial evidence upon the whole record." *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222 (Mo. banc 2003) (quoting Missouri constitution, article V, section 18). We limit our review to questions of law. *Id.* We will "modify, reverse, remand for rehearing, or set aside" the Commission's decision upon any of the following findings: "(1) [t]hat the [C]ommission acted without or in excess of its powers; (2) [t]hat the award was procured by fraud; (3) [t]hat the facts found by the [C]ommission do not support the award; [or] (4) [t]hat there was not sufficient competent evidence in the record to warrant the making of the award." *Id.* (quoting section 287.495.1).

We are not required "to review the evidence and all reasonable inferences drawn" therefrom "in the light most favorable to the Commission's decision." *Hornbeck v. Spectra Painting, Inc.*, 370 S.W.3d 624, 629 (Mo. banc. 2012). However, we defer "to the Commission's factual findings and recognize[] that it is the Commission's function to determine [the] credibility of witnesses." *Id.*

4

Furthermore, we "also defer to the Commission on issues involving the . . . weight to be given to conflicting evidence." *Pennewell v. Hannibal Reg'l Hosp.*, 390 S.W.3d 919, 923 (Mo. App. E.D. 2013). "Thus, this Court is bound by the Commission's factual determination if the evidence supports either of two opposing findings." *Id.*

## Legal Analysis

The employer raises one point, arguing that the Commission erred in holding that it wrongfully terminated compensation benefits after the employee refused to submit to a section 287.210.1[3] medical examination. The employer contends that, in doing so, the Commission "acted without or in excess of its powers, in that: (a) the order conferred upon the Commission new powers [that] are not provided for in the Workers' Compensation Act[;] (b) [the Commission] failed to require the employee to meet her obligations under section 287.210.1[;] and (c) [the Commission] failed to strictly construe sections 287.210.1 and 287.203 of the Act."

Section 287.210.1 states:

> After an employee has received an injury he shall *from time to time thereafter during disability* submit to reasonable medical examination at the request of the employer, the employer's insurer, the commission, the division, an administrative law judge, or the attorney general on behalf of the second injury fund if the employer has not obtained a medical examination report, the time and place of which shall be fixed with due regard to the convenience of the employee and his physical condition and ability to attend. The employee may have his own physician present, and *if the employee refuses to submit to the examination, or in any way obstructs it, his right to compensation shall be forfeited during such period unless in the opinion of the commission the circumstances justify the refusal or obstruction*.

(Emphasis added.) Section 287.203 states:

> Whenever the employer has provided compensation under section 287.170, 287.180 or *287.200*, and terminates such compensation, the

---

[3] Statutory references are to RSMo 2000, unless otherwise stated.

5

employer shall notify the employee of such termination and shall advise the employee of the reason for such termination. If the employee disputes the termination of such benefits, the employee may request a hearing before the division and the division shall set the matter for hearing within sixty days of such request and the division shall hear the matter on the date of hearing and no continuances or delays may be granted except upon a showing of good cause or by consent of the parties. The division shall render a decision within thirty days of the date of hearing. If the division or the commission determines that any proceedings have been brought, prosecuted, or defended without reasonable grounds, the division may assess the whole cost of the proceedings upon the party who brought, prosecuted, or defended them.

(Emphasis added.) Section 287.200 states, in relevant part:

1. Compensation for permanent total disability shall be paid during the continuance of such disability for the lifetime of the employee at the weekly rate of compensation in effect under this subsection on the date of the injury for which compensation is being made.
. . . .

3. All claims for permanent total disability shall be determined in accordance with the facts. . . . The employer and the division shall keep the file open in the case during the lifetime of any injured employee who has received an award of permanent total disability. In any case where the life payment is suspended under this subsection, the commission may at reasonable times review the case and either the employee or the employer may request an informal conference with the commission relative to the resumption of the employee's weekly life payment in the case.

Pursuant to section 287.210.1, an ALJ is authorized to order a medical examination to be performed on a claimant at the employer's request. *State ex rel. Taylor v. Meiners*, 309 S.W.3d 392, 394 (Mo. App. W.D. 2010). Such a medical examination must be performed by a licensed physician. *State ex rel. Carter v. City of Independence*, 272 S.W.3d 371, 376 (Mo. App. W.D. 2008).

Despite the employer's contention that sections 287.210.1 and 287.203 are controlling, it is clear that section 287.470 also is applicable. It states, in relevant part:

6

> Upon its own motion or upon the application of any party in interest on the ground of a change in condition, the commission may at any time upon a rehearing after due notice to the parties interested review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded.

Section 287.470 "*gives the Commission* statutory authority to modify an [existing] award due to a change in the condition of the injured worker." *Nance v. Maxon Elec., Inc.*, 395 S.W.3d 527, 535 (Mo. App. W.D. 2012) (internal citation omitted) (emphasis added). Indeed, Missouri case law appears to require Commission approval prior to an alteration of an employee's disability benefits, pursuant to section 287.470. *See*, *e.g.*, *Thomas v. Treasurer of State of Missouri-Custodian of Second Injury Fund*, 326 S.W.3d 876, 880 (Mo. App. W.D. 2010).

Furthermore, an employer's suspension of benefits without the Commission's prior approval does not appear to be supported by Missouri law. *See*, *e.g.*, *Bunker v. Rural Elec. Co-op*, 46 S.W.3d 641, 643, 650 (Mo. App. W.D. 2001) (wherein, pursuant to section 287.470, an employer filed a motion with the Commission to terminate a PTD award to a disabled employee who obtained subsequent employment; the motion was denied); *Shaw v. Scott*, 49 S.W.3d 720, 728 (Mo. App. W.D. 2001) ("Section 287.470 *permits the Commission* to end, diminish, or increase the compensation awarded by the ALJ in the 'final award' '[u]pon its own motion or upon the application of any party in interest on the ground of a change in condition. . . .'" (internal quotation marks omitted) (emphasis added)). The scant Missouri case law on the subject of whether an employer is authorized to suspend total disability benefits indicates that "[a]n employer . . . *cannot unilaterally conclude* that an employee is no longer entitled to *temporary* total benefits or medical care." *Shaw*, 49

7

S.W.3d at 730 (emphasis added). Therefore, it logically follows that the same is true with respect to *permanent* benefits.

As to the employer's argument that any applicable statutes should be strictly construed, pursuant to section 287.800,[4] it is a well-established principle that workers' compensation claims are governed by laws in effect at the time the injury occurred. *Pavia v. Smitty's Supermarket*, 366 S.W.3d 542, 549 (Mo. App. S.D. 2012); *see also Brandenburg v. Treasurer of State, Custodian of Second Injury Fund*, 427 S.W.3d 326, 332 n.1 (Mo. App. S.D. 2014). Additionally, it is presumed that a statute operates prospectively. *Pavia*, 366 S.W.3d at 549-50 (internal citations omitted). We need not address any exceptions to this presumption because the employer neither raised them, nor "argued their application." *Id.* at 550. In 2005, the legislature adopted sweeping changes to the Workers' Compensation Law through Senate Bill 1, with "an effective date of August 28, 2005." *Id.* Nothing in this bill "indicat[es] that the legislature intended for [these amendments] to apply retroactively to injuries occurring before that effective date." *Id.* Thus, "the 'strict construction' mandate in the post-2005 version" is inapplicable here. *Id.*

In this case, the employer unilaterally terminated the employee's benefits because of the employee's refusal to submit to a medical examination. The employer should have filed an application for review with the Commission, pursuant to section 287.470—without suspending the employee's benefits. Thus, the Commission did not err in holding that the employer wrongfully terminated the employee's compensation benefits. The employer's point is denied.

---

[4] Amended in 2005, section 287.800.1 states: "Administrative law judges, associate administrative law judges, legal advisors, the labor and industrial relations commission, the division of workers' compensation, and any reviewing courts shall construe the provisions of this chapter strictly."

8

## Conclusion

For the above reasons, we affirm.

/s/ THOMAS H. NEWTON
Thomas H. Newton, Presiding Judge

Hardwick and Gabbert, JJ. concur.