Lawrence J. KRUG, Appellant,

v.

Maxine ABEL, William G. Rasche, and the Arizona Department of Corrections, Respondents.

No. WD 38202.

Missouri Court of Appeals, Western District.

Sept. 9, 1986.

James McCONNELL, Appellant,

v.

Julia Gillie ANDERSON,

and

Missouri State Highway Patrol, Respondents.

No. WD 37782.

Missouri Court of Appeals, Western District.

Sept. 9, 1986.

James McConnell, Jefferson City, pro se.

Julia G. Anderson, Kansas City, Missouri State Highway Patrol, Lee's Summit, pro se.

Before TURNAGE, P.J., and SHANGLER and KENNEDY, JJ.

### ORDER

Lawrence J. Krug, pro se.

Maxine Abel, pro se.

William G. Rasche, pro se.

Robert Corbin, Atty. Gen. of Ariz., Arizona Dept. of Corrections, Phoenix, Ariz., William L. Webster, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., of Missouri, Kansas City, Mo., for respondents.

Before TURNAGE, P.J., and SHANGLER and KENNEDY, JJ.

PER CURIAM:

This is an appeal from an order of the Cole County Circuit Court dismissing appellant's action for lack of personal jurisdiction over the respondent-defendants. Appellant was, at the time the suit was filed, an inmate at the Missouri State Penitentiary. He had been convicted in Arizona but was being held in Missouri under an Interstate Compact. Appellant filed this action pro se, alleging that his sister, Maxine Abel, and her attorney, William G. Rasche, conspired with Missouri State Prison Officials, acting as agents of the Arizona Department of Corrections, to obtain confidential inmate records relating to appellant's financial status. Appellant further complained that respondents Abel and Rasche used this illegally obtained information to challenge appellant's indigency status in an action before the federal district court in Wisconsin, with the result that the lawsuit was dismissed with prejudice against appellant.

On appeal, appellant argues that the trial court erred by dismissing the action for lack of jurisdiction, because respondents waived any jurisdictional defects by acknowledging receipt of service and by filing their motions to dismiss. The Arizona Department of Corrections argues that appellant waived his jurisdictional arguments with respect to the State of Arizona by failing to brief them, and requests that the court assess frivolous appeal damages

against appellant. Respondents Abel and Rasche have not presented briefs.

Appellant filed this action on April 12, 1985, and obtained service on the respondents by certified mail in Wisconsin and Arizona. Respondents each moved to dismiss in May, 1985, alleging, *inter alia*, that the court lacked personal jurisdiction over them because they had not done any act in the state to form the basis of appellant's complaint. The trial court sustained the motion on January 27, 1986, "for the reason that this court has no jurisdiction over these defendants."

■ Due process dictates that to subject non-resident defendants to a judgment *in personam*, the defendants have certain "minimum contacts" with the state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The trial court's focus is whether defendant has sufficient contacts with the state "to make it reasonable, in the context of our federal system of government, to require [him] to defend the particular suit which is brought there." *Id.* at 317, 66 S.Ct. at 158; *Crouch v. Crouch*, 641 S.W.2d 86, 89 (Mo. banc 1982) (quoting *International Shoe*, 326 U.S. at 317, 66 S.Ct. at 158). The defendant's contacts with the state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ At the outset of our analysis we should note that appellant's complaint does not state a cause of action against defendant Arizona, and dismissal of the action against Arizona was proper. Appellant does not challenge the trial court's finding that it did not have jurisdiction over Arizona; indeed, he argues that he did *not* intend for the State of Arizona to be a party on appeal. Points not carried forward in the argument portion of the brief are deemed abandoned. *State v. Gilmore*, 681 S.W.2d 934, 941 (Mo. banc 1984). Appel-

lant's appeal with respect to dismissal of respondent Arizona is, accordingly, dismissed.

The legislature has enumerated several acts in § 506.500 RSMo Supp. 1985, by which non-resident defendants may be deemed to have sufficient contact with the State to justify submitting them to the jurisdiction of the courts, including "the commission of a tortious act within the state." The purpose of § 506.500 is "to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." *State ex rel. Deere and Company v. Pinnell*, 454 S.W.2d 889, 892 (Mo. banc 1970).

Appellant does not allege that the respondents committed any of the enumerated acts within the state. Rather, he argues that a conspiracy to invade his confidential inmate records was formed in a telephone conversation between respondents Abel and Rasche in Wisconsin and state prison officials in Missouri. He does not attempt to place himself within the Missouri scheme of statutory torts, but alleges that respondents, by violating an Arizona statute that protects the confidentiality of inmate records, violated the first, fourth and fourteenth amendment prohibitions against invasion of privacy and denial of due process. Neither the Missouri Department of Corrections nor the individual Missouri prison officials were named as defendants.

■ On review, we must first address the question of whether the requirements of § 506.500 have been met. Appellant does not allege that respondents committed a tortious act within the state. But the tortious act provision of § 506.500 has been interpreted to apply to "extra-territorial acts that have consequences in the forum." *Sun World Lines, Ltd. v. March Shipping Corp.*, 585 F.Supp. 580, 584 (E.D.Mo.1984). The telephone call that is the subject of this litigation was initiated in Wisconsin, with the intent of obtaining the cooperation of state prison officials in Missouri. Nothing

in the record suggests that the state prison officials knew the purpose of the affidavit or intended it for use in Missouri. The only purpose of the affidavit was to challenge appellant's suit in Wisconsin; the ultimate effect of the phone call was felt in Wisconsin.

Further, we may consider whether respondents' acts constitute the "minimum contacts" necessary to permit Missouri to assert jurisdiction over respondents, although the alleged acts are not strictly within the purview of § 506.500. For a court to assert personal jurisdiction over a nonresident defendant, "it is essential in each case that there be some act by which the defendant purposely avails [him]self of the privilege of conducting activities within the forum State." *Kulko v. Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 1698, 56 L.Ed.2d 132 (1978) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958)). The application of the "minimum contacts" test is not "susceptible of mechanical application"; the facts must be weighed in each case to determine if the requisite "affiliating circumstances" are present. *State ex rel. Sperandio v. Clymer,* 581 S.W.2d 377, 382 (Mo. banc 1979).

■ When the alleged phone call was made, appellant was maintaining an action against Maxine Abel in the United States District Court for the Western District of Wisconsin. Abel was represented in that action by her attorney, William Rasche. She filed a motion to dismiss, accompanied by the affidavit prepared by the Missouri State prison officials, challenging appellant's indigency. Appellant does not allege that respondent Abel entered the state to obtain the affidavit. Nothing in the record suggests that Abel obtained any benefit from her contact with the State of Missouri other than dismissal of a malicious lawsuit, or that she purposely availed herself in any other way of the privilege of conducting activities within this state. The action in Wisconsin was initiated by appellant; respondents contacted Missouri officials only to defend Abel in the action in Wisconsin.

We conclude that this incidental contact with the state does not constitute sufficient "minimum contacts" with Missouri to make respondents Abel and Rasche amenable to process here.

■ Next, appellant argues that respondents waived any jurisdictional defect by acknowledging receipt of service and by filing motions to dismiss. An objection to personal jurisdiction may be preserved by a timely motion to dismiss, and the objection is not waived by being joined with other objections in the motion. *State ex rel. Dennis v. Snodgrass,* 501 S.W.2d 553, 558 (Mo.App.1973). Respondents adequately preserved their objections to the court's jurisdiction by filing motions to dismiss and alleging various defects in appellant's case.

■ Finally, respondent seems to have mistaken service of process for personal jurisdiction. He argues that the respondents are subject to the trial court's jurisdiction because he obtained service by mailing copies of the complaint and summons to them. Process under § 506.500 must be personally served upon defendants by a person authorized to serve process in that state. Section 506.510. In the absence of proof that service was obtained in the manner and form prescribed by statute, the court lacks the power to determine even whether it may assert jurisdiction over the defendant's person, *see Moore v. Christian Fidelity Life Insurance Co.,* 687 S.W.2d 210, 213 (Mo.App.1984), unless the defendant has consented or waived his objections to personal jurisdiction.

As the foregoing discussion amply demonstrates, Krug's appeal is devoid of merit. Appellant's contention that the respondents' filing of motions to dismiss conferred jurisdiction on the trial court is totally without basis. The trial court did not err by dismissing the underlying action for lack of personal jurisdiction over respondents.

■ Respondent Arizona Department of Corrections, pursuant to Rule 84.19, requests an award of damages in the amount of five hundred dollars ($500.00) for friv-

olous appeal. Under the rule, a frivolous appeal is defined as one "which presents no justiciable question and is readily recognized as so devoid of merit on the record that there is little prospect the appeal can succeed." *Holman v. Ace Glass Co.*, 687 S.W.2d 562, 563–4 (Mo.App.1984). Appellants' efforts clearly have placed him within this category. He has filed a motion asking this court to strike respondent Arizona Department of Correction's brief because he now claims he did not intend to appeal against the State of Arizona. The notice of appeal, however, lists the Arizona Department of Corrections as a respondent, and appellant did not object to the Department of Corrections being a respondent until after the brief, which requests frivolous appeal damages, was filed. We hereby assess the sum of five hundred dollars ($500.00) against appellant to be paid to the Arizona Department of Corrections for frivolous appeal.

The judgment is affirmed.