**Patricia WARD, Appellant,**

v.

**MID–AMERICA FITTINGS and State Treasurer, Respondents.**

**No. WD 54689.**

Missouri Court of Appeals,
Western District.

June 23, 1998.

Motion for Rehearing and/or Transfer to Supreme Court July 28, 1998.

Application to Transfer Denied
Sept. 22, 1998.

Elizabeth Diane Baker, Kansas City, for Appellant.

Donald Fritschie, Overland Park, Elaine Rose O'Hara, Kansas City, for Respondents.

SPINDEN, Judge.

■ Patricia Ward appeals the decision of the Labor and Industrial Relations Commission to deny her application for workers' compensation.[1] The commission decided that Ward's "testimony that she fell at work and suffered work-related injuries in February 1995 and August 1995 is not credible. [Ward] failed to prove that she suffered an injury by accident arising out of and in the course of her employment[.]" We reverse.

In appealing the commission's decision to us, Ward first complains that the commission could not have ruled in favor of her employer, Mid–America Fittings, because it did not file its answer to her claim on time. She contends that the late filing should have caused the commission to deem her allegations admitted.

Ward filed her claim on January 4, 1996, with the Division of Workers' Compensation. The division acknowledged receiving Ward's claim on January 8 and mailed notice of it to Mid–America Fittings and to the State Treasurer, as custodian of the Second Injury Fund. The record does not establish when the division mailed notice of the claim, but the Treasurer filed his answer, dated January 8, on January 9. Mid–America filed its answer on February 13.

The division's regulation, 8 CSR 50–2.010 says:

(12) Upon receipt of a Claim for Compensation, the division will immediately forward a copy to the employer [or] insurer and within ... 15 ... days from the date of the division's acknowledgement of the claim, the employer [or] insurer shall file an answer to the claim[.] ...

(13) Unless the Answer to Claim for Compensation is filed within ... 15 ... days from the date the division acknowledges receipt of claim, the statements in the claim ... shall be taken as admitted; provided, that the division may extend the time for filing where good cause is shown, if requested to do so within the ... 15 ... day period.

1. Although no judicial officer recognized by Mo. CONST., art. V (1945), has issued a judgment in this case, the Supreme Court has decided we have jurisdiction to consider an appeal directly

In § 287.650.1, RSMo Cum.Supp.1997, the General Assembly authorized the division to promulgate this regulation, and it authorized the division "to strike pleadings and enter awards against any party or parties who fail or refuse to comply with [the division's] lawful orders."

■ Mid–America Fittings was required by Regulation 2.010(12) to file its answer within 15 days of the day on which the division acknowledged Ward's claim. The division acknowledged Ward's claim on January 8, so the deadline for Mid–America Fittings' answer, or request for more time, was January 23. Its failure to file by that deadline and its failure to request an extension by January 23 required the commission to deem Mid–America Fittings to have admitted the allegations in Ward's claim.

The commission did not respond to Ward's contention that Mid–America Fittings' untimely answer was an admission of her allegations. Its administrative law judge did, but he erroneously concluded that § 287.520, RSMo 1994, prohibited him from granting Ward's request. "I find [Ward's] request ... overruled since [Ward and] the Division of Workers' Compensation have not established notice sent to [Mid–America Fittings] by certified mail pursuant to 287.520."

■ This was an erroneous interpretation of § 287.520 which says, "Any notice required under this chapter shall be deemed to have been properly given and served when sent by registered or certified mail[.]" This statute has no application to the deadline set by Regulation 2.010(12). It applies only to notices required by the General Assembly in Chapter 287. Sending a copy of the claim to a claimant's employer is not required by Chapter 287. It is required by Regulation 2.010(12), and Regulation 2.010(19) provides that the division is to send the matter by "ordinary mail." We find no other provision requiring that notice be sent by certified mail.

from the commission by the authority of § 287.495, RSMo 1994. *Goodrum v. Asplundh Tree Expert Co.*, 824 S.W.2d 6, 8–9 (Mo. banc 1992).

Mid–America Fittings acknowledged receiving a copy of Ward's claim by ordinary mail. It complains that Ward did not establish when it received it. The burden, however, was on Mid–America Fittings, not Ward, to establish that it did not receive a copy of the claim in time to satisfy the 15–day deadline. Regulation 2.010(13) permits extensions of time for "good cause ... shown[.]"

The commission erred, therefore, by not deeming Mid–America Fittings to have admitted the allegations averred by Ward in her claim. Ward alleged that she was hurt at work in February 1995. She averred:

> Claimant is entitled to and makes [sic] for such medical care as is reasonable necessary to cure and relieve her of her aforesaid injuries [2] pursuant to Section 287. Claimant is temporarily totally disabled and seeks benefits, past and future pursuant [sic] 287.160 and 287.170 R.S. Mo. Claimant permanently and totally disabled. Claimant's chair rolled out from under [sic] while it was on a plastic chair protector and claimant struck her left posterior skull.

She also made a claim for a second accident in August 1995 in which she fell after her chair rolled from beneath her. Contrary to these admitted averments, the commission concluded that Ward did not fall at work. "We determine," the commission decided, "that claimant's testimony that she fell at work and suffered work-related injuries in February 1995 and August 1995 is not credible. Claimant failed to prove that she suffered an injury by accident arising out of and in the course of her employment in February 1995 or August 1995."

Because the commission was obligated to deem Mid–America Fittings to have admitted Ward's allegations, it erred in finding that Ward failed to prove that she fell at work in a work-related accident arising out of, and in the course of, her employment. We, therefore, reverse the commission's decision. We remand the case to the commission to consider the issue of permanent partial disability which has not been adjudicated.

HOWARD, P.J., and BRECKENRIDGE, J., concur.

---

**2.** The only injuries noted earlier in the claim was a listing of the parts of her body injured: "left posterior skull, left neck, left shoulder."