**STATE ex rel., Mark R. ROSENBERG, M.D., Appellant,**

v.

**Terry M. JARRETT, Commissioner, Administrative Hearing Commission, Respondent.**

**No. WD 68009.**

Missouri Court of Appeals, Western District.

Sept. 25, 2007.

Dennis Keith Hoffert, St. Louis, MO, for appellant.

William E. Roberts, Asst. Attorney General, Jefferson City, MO, for Respondent Board of Registration.

Terry Jarrett acting pro se.

Before RONALD R. HOLLIGER, P.J., HAROLD L. LOWENSTEIN, and JAMES M. SMART, JR., JJ.

JAMES M. SMART, JR., Judge.

Mark R. Rosenberg, M.D., appeals the quashing of a preliminary writ of prohibition by the circuit court. He petitioned for the writ on the basis that he was entitled to disqualify a member of the Administrative Hearing Commission from presiding over a hearing concerning the discipline of his medical license. We affirm.

## Background

The relevant facts are not in dispute. Appellant Mark Rosenberg is a physician licensed to practice medicine in the State of Missouri. On May 25, 2006, the State Board of Registration for the Healing Arts ("the Board") filed a complaint against Rosenberg before the Administrative Hearing Commission ("AHC"). Respondent Terry M. Jarrett is a commissioner of the AHC. On June 27, 2006, Rosenberg filed a motion for extension of time to answer or otherwise plead. Commissioner Jarrett granted the motion on June 28, 2006. Rosenberg then filed a motion to dismiss for failure to state a claim upon which relief can be granted or in the alternative to make the complaint more definite and certain. Rosenberg also filed a motion to stay discovery.

On August 18, 2006, Commissioner Jarrett denied both of Rosenberg's pending motions and issued an order instructing Rosenberg to respond to all outstanding discovery requests from the Board. The Board filed a motion for summary determination on August 25, 2006. Rosenberg filed his answer to the complaint on September 1, 2006. Four days later, he filed a motion for extension of time to respond to the motion for summary determination. Then, on September 13, 2006, Rosenberg filed a motion to disqualify Commissioner Jarrett. Following a hearing on the matter, the Commissioner denied the motion because Rosenberg alleged no factual basis for disqualification.

Two weeks later, Rosenberg filed a petition for a writ of prohibition in the circuit court. He sought a writ prohibiting Commissioner Jarrett from continuing to preside over his AHC hearing. The circuit court issued a preliminary order on September 29, 2006, directing Commissioner Jarrett to show cause why the writ should not be made permanent. On November 6, 2006, after argument, the court quashed the preliminary writ.

Rosenberg appeals that ruling.

## Contention on Appeal

Rosenberg contends that the trial court abused its discretion in quashing the preliminary writ of prohibition and denying a permanent writ. He says that prohibition

was proper because the Commissioner exceeded his jurisdiction by failing to disqualify himself and that the court's quashing of the writ deprives him of due process in the AHC proceedings.

There is no statute or rule expressly providing for disqualification of an AHC Commissioner, either for cause or without cause. Rosenberg contends that the lack of a rule concerning disqualification leaves him free to challenge Commissioner Jarrett on general principles of law. He claims that the right to disqualify a judge without cause is so fundamental that it should be assumed even in the absence of a rule or statute. He argues that Commissioner Jarrett has no power to refuse to disqualify himself.

## Prohibition

■■■ A writ of prohibition does not issue as a matter of right. *State ex rel. K–Mart Corp. v. Holliger*, 986 S.W.2d 165, 169 (Mo. banc 1999). Rather, it is discretionary and will lie only to prevent "an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power." *State ex rel. Linthicum v. Calvin*, 57 S.W.3d 855, 857 (Mo. banc 2001). A writ of prohibition is an extraordinary remedy that is to be used "with great caution and forbearance and only in cases of extreme necessity." *State ex rel. Miss. Lime Co. v. Mo. Air Conservation Comm'n*, 159 S.W.3d 376, 383 (Mo.App.2004) (*quoting State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991)).

■■■ Writs of prohibition are limited to the "fairly rare" situations where (1) the court or tribunal exceeded its personal or subject matter jurisdiction, (2) the court or tribunal lacked the power to act as it did, or (3) "absolute irreparable harm may come to a litigant if some spirit of justifiable relief is not made available[,]" or

there is an issue of law that will likely escape review on appeal and cause considerable hardship or expense to the aggrieved party. *State ex rel. Riverside Joint Venture v. Mo. Gaming Comm'n*, 969 S.W.2d 218, 221 (Mo. banc 1998). The writ relator bears the burden of establishing that the respondent exceeded its jurisdiction and that no adequate remedy is available to him by way of appeal. *Miss. Lime Co.*, 159 S.W.3d at 383.

## Jurisdiction and Separation of Powers

Article II, Section 1 of the constitution of Missouri, which divides the powers of government into three distinct departments, provides that each of the departments "shall be confided to a separate magistracy" and no department "shall exercise any power properly belonging to either of the others, except in the instances in this constitution expressly directed or permitted." The constitution does provide for judicial review of decisions of administrative tribunals of the executive branch. Article V, Section 18 of Missouri's constitution grants to the Supreme Court the authority to establish the provisions for review of the "final decisions, findings, rules and orders" of administrative tribunals by the courts, which the Court has exercised in Rules 100.01 and .02 by authorizing circuit courts and the appellate courts to exercise judicial review of the final orders and determinations of administrative tribunals except as otherwise provided by law. Article V, Section 4.1 of the constitution, which grants to the Supreme Court and to the court of appeals the power to issue remedial writs, also grants to the same courts (without mentioning *circuit* courts) "superintending control" over "tribunals." Thus, there is no explicit grant of superintending authority to the circuit courts to issue remedial writs to tribunals of administrative agencies.

This issue of circuit court jurisdiction to issue remedial writs to administrative tribunals was considered in *State ex rel. Mississippi Lime Co. v. Missouri Air Conservation Commission*, 159 S.W.3d 376, 382–83 (Mo.App.2004), and, there, this court decided that the Supreme Court, in *State ex rel. Riverside Joint Venture v. Missouri Gaming Commission*, 969 S.W.2d 218 (Mo. banc 1998), had impliedly considered the issue *sua sponte* (because the issue related to jurisdiction) and that the Court had found such jurisdiction existed. The ruling in *Mississippi Lime* remains presumptively correct, and no party in this case has raised the issue. In any event, because the circuit judge here *quashed* the preliminary writ (which had been issued by a different judge), and because it is not shown whether he quashed it on considerations related to the merits or on those related to jurisdictional grounds, we may proceed with our analysis reviewing the propriety of the quash order without specifically determining whether the circuit court had jurisdiction for the preliminary writ in the first place. There was jurisdiction to quash, and, accordingly, there is jurisdiction for the appeal.

## Standard of Review

█ Although denials of writ applications are generally not appealable, when a preliminary writ has been issued by the circuit court, and the preliminary writ is then quashed by the court, the order quashing the writ is generally an appealable final judgment. *State ex rel. Westfall v. Gerhard*, 676 S.W.2d 37, 38 (Mo.App. 1984).

█ Because the disposition of the underlying writ request is discretionary, the matter is reviewed on appeal only to determine whether the circuit court abused its discretion in quashing the writ. *See Miss. Lime Co.*, 159 S.W.3d at 386. Discretionary rulings are presumed correct, and an abuse of discretion occurs only if the ruling is "clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock the sense of justice." *State ex rel. M.D.K. v. Dolan*, 968 S.W.2d 740, 745 (Mo.App.1998).

## Disqualification

The AHC is required to publish and file its own rules with the Secretary of State. Section 621.198, RSMo Cum.Supp.2005. The parties agree that there is nothing in the AHC's own rules at this time concerning a motion to disqualify a commissioner.

Rosenberg contends, however, that such a right is fundamental and does exist. He contends that in the absence of an expressed procedure, the courts should look to the Missouri Rules of Civil Procedure (MRCP) for guidance. He interprets Rule 51.05,[1] which provides for a one-time automatic disqualification of a *judge* without cause, as evidence of a "general princip[le] of liberal, unfettered discretion to disqualify a decision-maker."

Rosenberg contends that "[t]he unfettered right of a litigant to disqualify a judge or decision maker, . . . exists without regard to the existence of a statute or Rule." In support of that proposition, he includes a partial quote from *Rohde v. TRW Real Estate Loan Services, Inc.*, 836 S.W.2d 465, 468 (Mo.App.1991). *Rohde*, however, stands only for the proposition

---

1. Rule 51.05(a) provides that "[a] change of judge shall be ordered in any civil action upon the timely filing of a written application therefor by a party" and that "[t]he application need not allege or prove any cause for such change of judge[.]" Pursuant to subsection (e), "[t]he judge promptly shall sustain a timely application for change of judge upon its presentation." The Rule also contains certain specific time limitations.

that Missouri adheres to the liberal construction *of statutes or rules* in favor of the right *to disqualify judges* in order to promote and maintain public confidence in the judicial system. *Id.* *Rohde* did not involve the question of disqualification of an *administrative hearing officer.*

■ Rosenberg lacks authority for the proposition that the AHC has a duty to follow the Supreme Court rules of civil procedure in this regard. There is, however, authority stating that the rules of civil procedure are *inapplicable* to administrative proceedings. In *Woodman v. Director of Revenue,* 8 S.W.3d 154, 157 (Mo. App.1999), this court held that "Rules 41 through 101, by their terms[,] do not apply to proceedings in administrative agencies." The rules apply to administrative proceedings only "when specifically authorized by statute." *Id.* *See also Johnson v. Mo. Bd. of Nursing Adm'rs,* 130 S.W.3d 619, 626 (Mo.App.2004) ("The general rule ... is that the Missouri Rules of Civil Procedure do not govern the conduct of proceedings before administrative agencies[.]").

## Circuit Court Discretion

■ Contrary to Rosenberg's assertion, this case does not present the precise issue of whether a litigant before the AHC has a right to disqualify a Commissioner. The issue here is whether the circuit court *abused its discretion* in quashing the preliminary writ. Rosenberg's basic argument—that an "unfettered right" to disqualify a decision maker *should* be available in an administrative hearing—is not cognizable in this appeal. That is because, first, the circuit court could have had a variety of discretionary considerations related to whether a writ was proper in this case, making it difficult to challenge the quashing of a preliminary writ.

■ Second, in such an appeal, the relator must show a clear right to relief and also show that there are extreme circumstances indicating that the circuit court's order quashing the writ was an abuse of discretion. *See M.D.K.,* 968 S.W.2d at 745. This is not a case of challenge for obvious or stated cause; thus, by definition (that is, by the definition of the words "without cause"), relator articulates no reason to believe there is not an adequate remedy at law by way of appeal.

■ Third, appeals in *writ* cases are not about what the law *should be,* as we have said, but about what the law *is,* and about whether the law is clear, and about whether the lower court abused its discretion in withholding a remedy. *See id.* If a writ respondent is entitled to exercise discretion in a matter, a writ of prohibition cannot prevent the exercise of discretion, as long as there is jurisdiction for such discretion. *K–Mart Corp.,* 986 S.W.2d at 169; *see also Miss. Lime Co.,* 159 S.W.3d at 383. Rosenberg provides no authority for the notion that due process requires that a party must be able to disqualify an administrative hearing officer without giving a reason. Thus, presumably, the issue of whether to disqualify himself on motion was a matter within Commissioner Jarrett's discretion. Prohibition cannot properly be employed "to pretermit the Commission's consideration of the issues before it on due process grounds" because to do so would fall outside the "recognized purposes for a writ of prohibition." *Missouri Gaming Comm'n,* 969 S.W.2d at 222. There remains, of course, a right of appeal from the final decision of the AHC.

## Standing to Argue

Finally, we deem it worth noting that Rosenberg's standing to bring a due process argument (even if brought on appeal of a final AHC decision rather than in a

writ application) would be dubious in that he cannot demonstrate that his request for automatic disqualification was made *before* he became unhappy with the preliminary rulings of Commissioner Jarrett. *See State ex rel. Cohen v. Riley,* 994 S.W.2d 546, 552–54 (Mo. banc 1999) (Price, J., dissenting) (change of judge rules not designed to allow disqualification merely because one is unhappy with preliminary rulings).

### Conclusion

For all the foregoing reasons, we cannot say that the circuit court abused its discretion in quashing the preliminary writ. The judgment of the trial court is affirmed.

HOLLIGER and LOWENSTEIN, JJ., concur.