**STATE of Missouri ex rel. et al., Ray TAYLOR, Appellant,**

v.

**Lisa MEINERS, Respondent.**

**No. WD 71129.**

Missouri Court of Appeals,
Western District.

April 6, 2010.

David H. Bony, Kansas City, MO, for Appellant.

Steven J. Quinn, Kansas City, MO, for Respondent.

Before JAMES EDWARD WELSH, P.J., MARK D. PFEIFFER, and KAREN KING MITCHELL, JJ.

JAMES EDWARD WELSH, Presiding Judge.

Ray Taylor appeals the circuit court's judgment dismissing his petition for writ of prohibition and quashing its preliminary writ in prohibition. In his petition Taylor asked the circuit court to prohibit the Division of Workers' Compensation Administrative Law Judge (ALJ) from ordering him to submit to an independent medical examination. Taylor contends that the circuit court abused its discretion in quashing its preliminary writ and dismissing Taylor's petition for writ of prohibition because Taylor's employer admitted the nature and extent of the disability to Taylor's left eye and, therefore, Taylor should not be required to submit to a physical examination. We affirm.

Taylor filed a workers' compensation claim on June 6, 2007, with the Division of Workers' Compensation alleging that he sustained an injury to his left eye as a result of an accident while working for Labor Pros, LLC, on November 4, 2006. In his claim in the section entitled "Part(s) of the Body Injured" Taylor stated: "Left eye and seventy-five percent (75%) permanent partial disability to the left eye." Labor Pros filed an answer to the claim for compensation on July 20, 2007, denying all allegations set forth in the claim for compensation. Labor Pro's answer, however, was not timely filed within the thirty-day period prescribed by 8 CSR 50–2.010(8)(B), and therefore, all facts contained in Taylor's claim for compensation are deemed admitted. 8 CSR 50–2.010(8)(B);[1] *see also Ward v. Mid–Am. Fittings*, 974 S.W.2d 586, 587 (Mo.App. 1998).

Subsequent to the filing of its answer, Labor Pro demanded that Taylor submit himself for an independent medical examination. Taylor refused. Thereafter, on July 25, 2008, the parties had a conference *via* telephone before the Division's ALJ on Labor Pro's motion that Taylor submit himself to an independent medical evaluation pursuant to section 287.210.1, RSMo 2000. On August 8, 2008, the ALJ determined that Taylor was required to submit to the evaluation pursuant to section 287.210.1. The ALJ also noted:

Claimant objects to appearing for the [independent medical examination] on the basis that the employer filed a late answer and a percentage of disability was set forth in the Claim for Compensation. The court will defer rendering an Order on the issue of whether the allegation in claimant's petition is binding on the court and the parties but does

---

1. Regulation 50–2.010(8)(A) provides, "Extensions of time to file an Answer to Claim for Compensation will be granted only upon a showing of good cause. Applications for an extension of time to answer the claim shall be made to the chief administrative law judge of the local office with venue of the case." Labor Pros, however, did not request an extension of time within which to file its answer.

order that the claimant submit himself to an independent medical evaluation.

On October 28, 2008, Taylor filed an amended petition for a writ of prohibition in the circuit court asking the circuit court to prohibit the ALJ from ordering him to submit to an independent medical examination. The circuit court entered a preliminary order in prohibition on November 4, 2008. On May 4, 2009, the circuit court dismissed Taylor's petition for writ of prohibition and quashed the preliminary order in prohibition. The court said:

> Pursuant to § 287.210.1 the Court finds that [Taylor] is required to submit to an independent medical evaluation. The Court does not decide the issue of whether the degree of injury to [Taylor's] eye was admitted when Labor Pros failed to timely answer.

Taylor appeals.

■■■ "Although denials of writ applications are generally not appealable, when a preliminary writ has been issued by the circuit court, and the preliminary writ is then quashed by the court, the order quashing the writ is generally an appealable final judgment." *State ex rel. Rosenberg v. Jarrett,* 233 S.W.3d 757, 761 (Mo. App.2007). "Because the disposition of the underlying writ request is discretionary, the matter is reviewed on appeal only to determine whether the circuit court abused its discretion in quashing the writ." *Id.* The circuit court abuses its discretion if "the ruling is 'clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock the sense of justice.'" *Id.* (citation omitted).

■ In his sole point on appeal, Taylor contends that the circuit court abused its

discretion in quashing its preliminary writ and dismissing Taylor's petition for a writ of prohibition because he was entitled to a writ prohibiting the ALJ from requiring him to submit to a physical examination at the request of Labor Pros. Taylor argues that he was not required to submit to a physical examination because Labor Pros admitted that Taylor had sustained an injury to his left eye and suffered a permanent partial disability to the eye in the amount of seventy-five percent. We disagree.

■ Section 287.210.1, RSMo 2000, says:

> After an employee has received an injury he shall from time to time thereafter during disability submit to reasonable medical examination at the request of the employer, his insurer, the commission, the division or an administrative law judge, the time and place of which shall be fixed with due regard to the convenience of the employee and his physical condition and ability to attend. The employee may have his own physician present, and if the employee refuses to submit to the examination, or in any way obstructs it, his right to compensation shall be forfeited during such period unless in the opinion of the commission the circumstances justify the refusal or obstruction.

"This statute gives an ALJ the authority to order a medical examination be performed on a claimant at the request of an employer." *State ex rel. Kerns v. Cain,* 8 S.W.3d 212, 214 (Mo.App.1999); *State ex rel. Lakeman v. Siedlik,* 872 S.W.2d 503, 506 (Mo.App.1994). Thus, pursuant to section 287.210.1, Taylor is required to submit to an independent medical evaluation.[2]

---

**2.** Taylor asserts that section 287.210 "is intended for the purpose of determining whether or not an injured employee who is receiving temporary total or temporary par-

tial disability remains temporarily disabled or has recovered from the injury sufficiently that he is no longer 'under disability' and may be returned to work thereby discontinu-

The circuit court, therefore, did not abuse its discretion in quashing its preliminary writ of prohibition and dismissing Taylor's petition for writ of prohibition.[3]

We affirm the circuit court's judgment.

All concur.

---

ing the Employer's obligation to pay temporary disability benefits." Taylor contends that at the time the ALJ ordered him to submit to a medical examination he was not temporarily totally disabled and had returned to work for the employer. We find nothing in section 287.210 that limits when a claimant may be ordered to submit to a medical examination. Indeed, the *Kerns* case recognizes that section 287.210 gives an ALJ the authority to order a claimant to submit to a medical examination at the request of an employer. *Kerns,* 8 S.W.3d at 214.

**3.** In so ruling, we agree with the circuit court that we need not decide the issue of whether Labor Pros admitted the degree of injury to Taylor's eye when it failed to timely file an answer to Taylor's claim for compensation. In this case, we are only concerned with whether or not the circuit court abused its discretion in quashing its preliminary writ of prohibition and dismissing Taylor's petition for writ of prohibition.