**Theresa KLEBBA, Respondent,**

v.

**Brenda UMSTATTD, Cole County Circuit Clerk, Appellant.**

**No. WD 74882.**

Missouri Court of Appeals,
Western District.

Dec. 11, 2012.

Mary Waddell Callahan, Jefferson City, MO, for Appellant.

Emily Fretwell, Jefferson City, MO, for Respondent.

Before JAMES EDWARD WELSH, C.J., MARK D. PFEIFFER, J., and CHRISTINE CARPENTER, Sp. J.

JAMES EDWARD WELSH, Chief Judge.

Brenda Umstattd, Cole County Circuit Clerk, appeals the circuit court's order making absolute a writ of prohibition forbidding her September 26, 2011 termination of Theresa Klebba's employment. Umstattd asserts four points on appeal. First, she argues that the court erred in issuing and making absolute the writ of prohibition because Klebba failed to exhaust all administrative remedies prior to seeking the writ. Second, Umstattd asserts that the court erred in finding that collateral estoppel prohibited Umstattd from terminating Klebba on September 26, 2011, because the issue in Klebba's September termination was not identical to the issue in her July 1, 2011 termination.

Third, Umstattd argues that the court erred in finding that res judicata prohibited her from terminating Klebba on September 26, 2011, because the September termination did not arise out of the same act or transaction as the July termination. Finally, Umstattd contends that the court's judgment is overly broad and, therefore, the court erred in wording its judgment. We affirm.

On July 1, 2011, Umstattd, Cole County Circuit Clerk, terminated the employment of Klebba "due to office policies regarding receipts and an audit of [Klebba's] receipts (missing $50.00 from receipt 241020) and other discrepancies regarding the courts [*sic*] money." Umstattd's letter of dismissal stated that she found Klebba in violation of the Supreme Court Operating Rules that prohibit " 'documented inefficiency, incompetence, negligence, or exercise of physical force in the performance of duties,' " and " 'behavior that adversely affects the court.' " Umstattd noted that she had the authority to dismiss any regular employee for the " 'commission of any act(s) of criminal misconduct, moral turpitude, insubordination or other behavior that is of such severity or consequence as to no longer warrant the continued service of the employee.' "

Klebba appealed the dismissal pursuant to Supreme Court Operating Rule 7.B.11 and was granted a dismissal review committee hearing on September 9, 2011. After hearing evidence from both Klebba and Umstattd, the committee, consisting of Judge Gary Oxenhandler, Judge Cindy Suter, and Judge Kelly Broniec, overturned Klebba's dismissal. The committee's September 16, 2011 "Findings of Fact and Decision" concluded that:

Ms. Klebba adduced credible evidence that she was a longtime, quality employee (though she had received two or more minor disciplinary admonitions); that she followed office policies regarding cash deposits; that she did not take the $50.00 in question or any money, ever; that she did not know the money was missing (as it was there when she originally counted it); that approximately 20 other employees in the office had access to the cash deposits; and that another employee in the office, a supervisor who also had access to the cash deposits, had also been accused of taking money at the same time.

The committee determined that Umstattd's termination of Klebba was an "abuse of authority and/or unreasonable" and reinstated Klebba. Umstattd did not appeal the committee's decision.

Klebba returned to work on September 26, 2011. At that time, Umstattd issued Klebba a second termination letter. The dismissal letter stated that "the reasons for the new dismissal are similar but distinctly separate from the reason for your previous dismissal." The letter specified six receipts, allegedly linked to Klebba, for which funds were unaccounted. Each receipt was dated prior to Klebba's first termination in July.

On October 3, 2011, Klebba petitioned the circuit court for a writ of prohibition. Klebba argued that her first termination was alleged to be, in part, due to "discrepancies involving the courts [*sic*] money." She contended that Umstattd was given ample opportunity to present all of the evidence to support this contention at the September 9, 2011, dismissal review committee hearing and any subsequent proceedings. She argued that the dismissal review committee had considered the evidence and ordered Klebba reinstated. Klebba asked the court, by writ of prohibition, to rescind the dismissal and reinstate her employment pursuant to the previously issued order of the dismissal review committee.

On October 5, 2011, the circuit court entered a preliminary order in prohibition and thereafter heard evidence on December 2, 2011. On January 9, 2012, the court entered a judgment prohibiting Umstattd from pursuing the September 26, 2011 termination. The court found that the issues and causes of action present in the September termination had already been addressed in the July termination and, therefore, both collateral estoppel and res judicata barred Umstattd from firing Klebba a second time for the same issues. The court ordered that the preliminary writ of prohibition be made absolute. Umstattd appeals.

■■■■ The disposition of a writ of prohibition is discretionary and is reviewed on appeal only to determine whether the circuit court abused its discretion in issuing the writ. *State ex rel. Rosenberg v. Jarrett*, 233 S.W.3d 757, 761 (Mo.App.2007). "Discretionary rulings are presumed correct, and an abuse of discretion occurs only if the ruling is 'clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock the sense of justice.'" *Id.* (quoting *State ex rel. M.D.K. v. Dolan*, 968 S.W.2d 740, 745 (Mo.App. 1998)). In determining whether the court's ruling amounted to an abuse of discretion, the evidence will be viewed in the light most favorable to the court's ruling. *State ex rel. Wyeth v. Grady*, 262 S.W.3d 216, 226 n. 11 (Mo. banc 2008).

■■■ In her first point on appeal, Umstattd argues that the court erred in issuing, and making absolute, the writ of prohibition forbidding Klebba's termination, because Klebba did not exhaust all available administrative remedies. She contends that Supreme Court Operating Rule 7.B.11.4(c)(4) required Klebba to request a pre-termination hearing to challenge her September 26, 2011 termination. She charges that, because Klebba did not re-quest a pre-termination hearing, she failed to exhaust her administrative remedies which precluded her from asking the court for redress. She contends that the court had no authority to entertain her writ petition. We disagree.

After Klebba was fired on July 1, 2011 for "office policies regarding receipts," $50.00 missing from receipt 241020, and other discrepancies regarding the court's money, Klebba appealed her dismissal. Klebba was then given the opportunity to present evidence and testimony contesting the dismissal, and Umstattd was given the opportunity to present evidence and testimony supporting the dismissal. Pursuant to Supreme Court Operating Rule 7.B.11.4(c)(8), Klebba had the burden of proving that her dismissal was unwarranted. Based on Umstattd's allegations, Klebba had to defend herself, among other things, against the allegation that she was responsible for discrepancies regarding the court's money. While Umstattd was not required to submit evidence, if she desired to support the dismissal, she had the opportunity to put forth any evidence that would have warranted the dismissal. On September 9, 2011, Umstattd and Klebba both presented evidence at a hearing before the dismissal review committee. Based on the evidence, the dismissal review committee found that Umstattd had abused her authority and/or been unreasonable in terminating Klebba. The committee overturned Klebba's termination and ordered that her employment be reinstated. The committee concluded that Klebba had adduced credible evidence that she "was a longtime, quality employee," "that she followed office policies regarding cash deposits," and "that she did not take the $50.00 in question *or any money, ever.*" (emphasis added)

Pursuant to Supreme Court Operating Rule 7.B.11.4(c)12, Umstattd had ten

working days from receipt of the committee's decision to request the Circuit Court Budget Committee review the decision. The rule does not limit the evidence that a party may present when asking for review or asserting that the dismissal review committee erred. However, pursuant to the rule, failure to request a review exhausts all available administrative remedies. Supreme Court Operating Rule 7.B.11.4(c)12 states:

> Within ten working days of receipt of the dismissal review committee's decision, or within 10 working days from the date the presiding judge or dismissal review committee was required to provide a decision on the dismissal, whichever is applicable, the employee or appointing authority may request the Circuit Court Budget Committee to review the decision. The request for review shall be in writing and shall state the reasons why the aggrieved party believes the decision to be in error.

> If either party to the dismissal fails to submit a written request to the Circuit Court Budget Committee as provided above, all administrative remedies available to that party shall be exhausted, except to provide appropriate documentation and testimony if there is a hearing.

Because the committee issued its decision on September 16, 2011, Umstattd had at least until September 30, 2011, to appeal the decision. She did not. Umstattd's failure to appeal the decision rendered Klebba's reinstatement final regarding all issues encompassed in the July termination for which Umstattd had an opportunity to defend. Contrary to Umstattd's contention on appeal, Klebba did pursue the administrative remedies available to her regarding Umstattd's allegations. Klebba appealed her dismissal and, as a result, was reinstated to her employment.

On September 26, 2011, Klebba's first day back to work after reinstatement, Umstattd again terminated Klebba. The second termination letter identified six specific receipts with alleged unaccounted for funds. However, not only were all six receipts dated prior to Klebba's July dismissal, but the termination letter identifying those receipts was issued prior to the expiration of Umstattd's opportunity to appeal the committee's decision to reinstate Klebba's employment. Hence, there can be no dispute that the six receipts were available as evidence to support Umstattd's initial allegations of discrepancies in the court's money. Even if her contention, that she was personally unaware of the receipts at the time she fired Klebba in July, is true, she could have, at the very least, presented the allegations on appeal to the Circuit Court Budget Committee. Such information might have been useful in attempting to prove that she had not abused her authority, that Klebba's termination was warranted, and that there were, in fact, discrepancies in the court's money. Such information might have been useful in attempting to refute the dismissal review committee's conclusion that Klebba was credible in her testimony that she had followed office policies regarding cash receipts and had not taken "any money, ever." Therefore, the forum for Umstattd to present the six receipts representing alleged discrepancies in the court's money was during Klebba's appeal of her first termination. Umstattd had no authority to terminate Klebba a second time for alleged misdeeds for which Umstattd had been given the opportunity to be heard in the administrative proceedings associated with Klebba's first termination.

■ Because Umstattd's allegations against Klebba in the second termination were encompassed by Umstattd's allega-

tions in the first termination,[1] Klebba exhausted her administrative remedies with regard to those allegations when she appealed the first termination and the committee found in her favor. Klebba had no obligation to exhaust administrative remedies a second time for matters that had already been decided in her favor. The circuit court did not abuse its discretion in issuing and making absolute the writ of prohibition forbidding Klebba's September termination. Point one is denied.

In Umstattd's second and third points on appeal, Umstattd contends that the court erred in finding that collateral estoppel and res judicata prohibited Umstattd from terminating Klebba a second time. We need not address these issues. Umstattd had no authority to dismiss Klebba a second time for essentially the same cause. Umstattd's allegations against Klebba in the second termination were encompassed by Umstattd's allegations in the first termination. If Umstattd believed she had additional grounds to justify the termination, she could have presented them to the Circuit Court Budget Committee. Instead, she allowed the decision of the dismissal review committee to become final. Therefore, Klebba's reinstatement to her employment became final when Umstattd failed to appeal the reinstatement and defend her allegations.

In Umstattd's fourth point on appeal, Umstattd contends that the circuit court's judgment is indefinite and overly broad, and, therefore, the court erred in the language of its judgment. We find no error. The court's order found that "[Umstattd] is prohibited from pursuing the September 26th termination . . ." and ordered that the preliminary writ of prohibition be made absolute. The preliminary writ was issued in response to Klebba's petition requesting an order commanding Umstattd to answer her petition, to refrain from terminating her employment, and to reinstate her employment. The preliminary order directed Umstattd to file pleadings in response to Klebba's petition and to "refrain from all action in the premises until further order."

We find the court's January 9, 2012 judgment prohibiting Umstattd from pursuing the September 26, 2011 termination of Klebba's employment to be sufficiently clear. Point four is denied.

We, therefore, conclude that the circuit court did not abuse its discretion in issuing, and making absolute, the writ of prohibition forbidding Umstattd's September 26, 2011 termination of Klebba's employment. Umstattd's allegations against Klebba in the second termination were encompassed by Umstattd's allegations in the first termination, and, therefore, Klebba exhausted her administrative remedies with regard to those allegations when she appealed the first termination and the committee found in her favor. We also conclude that the court did not err in the language of its judgment because the judgment prohibiting Umstattd from pursuing the September 26, 2011 termination of Klebba's employment is sufficiently clear. We affirm the circuit court's judgment.

All concur.

---

1. We understand that criminal charges may be pending with regard to these allegations. While we take no position on their merits, we note that a criminal conviction does not fall within the auspices of Umstattd's original termination allegations.